667 So.2d 1129 (1995)
Harold J. CHARLES, Plaintiff-Appellee,
v.
SOUTH CENTRAL INDUSTRIES, Defendant-Appellant.
No. 95-746.
Court of Appeal of Louisiana, Third Circuit.
December 6, 1995.
Rehearing Denied March 5, 1996.
*1130 Jarvis Jerome Claiborne, Opelousas, for Harold J. Charles.
Mark Alfred Ackal, Lafayette, for South Central Industries.
Before SAUNDERS, WOODARD and DECUIR, JJ.
WOODARD, Judge.
Defendant-appellant, South Central Industries, appeals the decision of the worker's compensation administrative hearing officer in favor of plaintiff-appellee, Harold J. Charles.

FACTS & ACTIONS OF THE TRIAL COURT
At the trial of this worker's compensation case, the plaintiff-appellee, Harold J. Charles, and the defendant-appellant, South Central Industries, entered into a number of stipulations, among them that Charles was an employee of South Central at the time of the alleged accident and that the accident *1131 occurred while he was in the course and scope of his employment.
Following the trial, the hearing officer issued a judgment in which she ruled that Charles was entitled to temporary total disability benefits from August 15, 1990, through August 20, 1992, but not thereafter. She also decreed that Charles was entitled to payment for all medical bills from August 15, 1990, including mental and psychological medicals, medication expenses, transportation expenses to obtain that treatment and medication, and for a work-hardening program to assist him to reenter the job market. The hearing officer further ruled that South Central was not arbitrary and capricious for refusing to pay worker's compensation benefits for Charles' physical injuries, but was arbitrary and capricious for refusing to pay for mental and psychological medicals, and for this she assessed South Central $2000.00 in penalties and $2000.00 in attorney fees.
South Central appeals, urging the following assignments of error.

ASSIGNMENTS OF ERROR
South Central complains that the hearing officer manifestly erred in ordering it to pay all of plaintiff's medical bills, medication prescriptions, transportation costs, and mental and psychological treatment expenses from August 15, 1990, and continuing. South Central also claims that it was further error for her to order it to pay for a work-hardening or conditioning program for Charles, as well as for her to find arbitrary and capricious its refusal to pay for psychological treatment.

LAW & ARGUMENT
Courts of appeal are held to the manifest error-clearly wrong standard of review in worker's compensation cases. This means that we must affirm the judgment of a hearing officer unless it is manifestly erroneous, as determined on the basis of the record viewed in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94); 630 So.2d 706.

MEDICAL BILLS, PRESCRIPTIONS, AND TRANSPORTATION COSTS
The hearing officer ruled that South Central was obligated to Charles for all medical bills, medication expenses, and transportation costs from the date of his accident and continuing. South Central's basic complaint is that it should not have to pay for those expenses the plaintiff established merely through his own uncorroborated and unsubstantiated assertions at the trial. Plaintiff insists that his testimony alone is sufficient; he, however, cites no legal authority whatsoever. We agree with defendant and reverse the hearing officer to the extent discussed below.
Under La.R.S. 23:1203, the employer has a duty to furnish necessary medical services and treatment to a worker's compensation claimant. However, the plaintiff in a suit is required to establish his claim to a reasonable certainty and by a preponderance of the evidence. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992); Fruge v. Gravity Drainage Dist. No. 5, 94-685 (La.App. 3 Cir. 12/7/94); 647 So.2d 561, writ denied, 95-0066 (La. 3/10/95); 650 So.2d 1180. Furthermore, the claimant is entitled to all medical benefits made necessary by the work-related accident. Foreman v. West Calcasieu-Cameron Hosp., 625 So.2d 1104 (La.App. 3 Cir. 1993), writ denied, 93-2740 (La. 1/7/94); 631 So.2d 450. Nevertheless, the claimant is not entitled to recover for medical expenses where he fails to offer proof to substantiate his claim. Steven v. Liberty Mut. Ins. Co., 509 So.2d 720 (La.App. 3 Cir.1987); Lee v. East Baton Rouge Parish Sch. Bd., 623 So.2d 150 (La.App. 1 Cir.), writ denied, 627 So.2d 658 (La.1993).
If it is almost axiomatic that a claimant has to prove that medical care he has received is related to his work injury, Id., it is a corollary, and perhaps even more basic, that he should have to prove that he received the treatment in question in the first place. An employer should not become liable solely through the claimant's unsupported word, especially if the claimant is able to obtain the necessary substantiation. Therefore, for a claimant to be reimbursed for any work-related medical expenses he *1132 has incurred, he must prove that he has actually received the medical treatment in question at a specified cost and prove it to a reasonable certainty and by a preponderance of the evidence. This will require, absent extraordinary circumstances, more than the claimant's unsubstantiated testimony.
The hearing officer's judgment seems to encompass the cost of the following medical services, which were established at trial solely by plaintiff's testimony: (1) treatment from Dr. St. Cyr (cost unspecified); (2) treatment from Dr. Mayer (cost estimated at $300.00); (3) chiropractic services from Dr. Bryant (cost estimated at $160.00); and (4) physical therapy (cost unspecified). Nothing in the record of the proceedings satisfactorily explains why substantiation or corroboration was not possible. Thus, we find that the hearing officer manifestly erred, and that Charles is not entitled to be paid for these medical expenses that were established by nothing more than assertions not otherwise confirmed or substantiated.
Our decision includes medication expenses. The plaintiff is entitled to payment for those bills submitted to the hearing officer, but not for any prescription expenses established only by his testimony. We further find that the hearing officer did not manifestly err in ordering the defendant to pay drug bills prescribed by Dr. St. Cyr or Dr. Weinstein, as Charles' entitlement to reimbursement was established by more than his testimony alone. Thus, as to these bills, we cannot say that the hearing officer abused her discretion in awarding these expenses.
We, however, emphasize that Charles is entitled to payment for any and all outstanding work-related medical care costs, and for any such costs that might arise in the future, that he can prove by a reasonable certainty and a preponderance of the evidence. Foreman, 625 So.2d 1104. To meet this standard, his testimony alone, without substantiation, will not usually suffice.
Similarly, the hearing officer's award of travel expenses was based on Charles' testimony alone. As with medical services and prescriptions, we conclude that more than the claimant's testimony alone is required to obligate the employer to pay for travel expenses the claimant incurred in obtaining medical care. Lemoine v. Hessmer Nursing Home, 94-836 (La.App. 3 Cir. 3/1/95); 651 So.2d 444; Williams v. Commercial Union Assur. Co., 422 So.2d 657 (La. App. 3 Cir.1982).
Thus, we must also reverse the hearing officer as to the award for travel expenses.

MENTAL AND PSYCHOLOGICAL TREATMENT
South Central claims that the hearing officer's finding that Charles suffered mental and psychological injury as a result of his accident is not supported by clear and convincing evidence. Although the hearing officer found that a psychological disability had not been established, she nevertheless believed that there was "a need for more intensive psychological evaluation and treatment of the claimant ... that the psychological problems were a direct result of and connected to the original physical injury ... [and] [t]he Court feels that the mental injury herein is compensable and that the claimant has proven his entitlement to these benefits by clear and convincing evidence." The hearing officer noted that Charles testified that he had no mental or psychiatric problems before the accident, that his problems only manifested themselves after the accident, and she pointed to medical sources indicating "that there were psychological overlays to the case." All this amply supports our finding that there was no manifest abuse of discretion.
Thus, we find no merit to this assignment.

WORK-HARDENING OR CONDITIONING PROGRAM
South Central assigns as error the hearing officer's ruling that the claimant is entitled to a work-hardening or conditioning program to assist him in reentering the job market. South Central concedes that there is medical evidence supporting the need for such a program. Its point seems to be that because there was some opinion expressed of a malingering component to Charles' complaints, the plethora of other medical evidence supporting a finding of real injury, physical and psychological, is somehow discredited or canceled. The speculations by only a few doctors out of many of a possible *1133 malingering aspect, without more, are only peripheral at best to the issue, if not an outright non sequitur. The great weight of the evidence on record supports the hearing officer's finding.
Thus, we find the defendant's assignment as to this issue meritless.

ARBITRARY AND CAPRICIOUS
South Central contends that the hearing officer erred in finding that it was arbitrary and capricious for refusing to pay mental and psychological medicals. A worker's compensation claimant is entitled to attorney fees and penalties when his claim is not reasonably controverted, and if the failure to pay benefits is arbitrary, capricious, or without probable cause. La.R.S. 23:1201, 1201.2. The determination of whether an employer or insurer should be cast with penalties and attorney fees is essentially a question of fact and the trial court's finding shall not be disturbed on appeal absent manifest error. Fruge, 647 So.2d 561; Lemoine, 651 So.2d 444.
The hearing officer in this case based her decision on reports of doctors, including the defendant's doctor who recommended psychological testing, work-ups, and treatment, recommendations which defendant apparently believed it was justified in completely ignoring or totally discounting because of its suspicions of malingering. The hearing officer's decision was based on all the evidence on record, and a review of the record in its entirety confirms that the decision was reasonable. Therefore, it was not manifestly erroneous for the hearing officer to conclude as she did.
This assignment of error is also without merit.

CONCLUSION
For the reasons assigned in this opinion, the judgment of the administrative hearing officer awarding the plaintiff, Harold J. Charles, all medical bills, medication expenses, and transportation costs is reversed in part, as it pertains to those bills, expenses, and costs established at trial solely through plaintiff's unsubstantiated testimony; in all other respects, the judgment appealed from is affirmed.
Costs of this appeal are assessed equally between the plaintiff and the defendant.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.