669 So.2d 671 (1996)
James E. CHITMAN, Plaintiff-Appellee,
v.
DAVISON TRUCKING, et al., Defendants-Appellants.
No. 28073-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
*672 Lunn, Irion, Johnson Salley & Carlisle by Julia A. Mann, Shreveport, for Appellant.
Graves, Graves & Hanna by Robert M. Hanna, Shreveport, for Appellee.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
NORRIS, Judge.
The self-insured employer, Mathews Trucking, A Davison Company (referred to herein as "the company"), appeals a judgment of the Office of Workers' Compensation finding that the claimant, James E. Chitman, sustained a work-related injury and was entitled to certain medical expenses. Chitman answers the appeal, seeking an award of penalties and attorney fees. Finding the hearing officer committed legal error, we reverse and render judgment dismissing the claim at Chitman's cost.

Factual and procedural background
Chitman was a truck driver for the company. He testified that on November 11, 1993 he was delivering roofing asphalt to G & S Roofing; while he attempted to position a metal cart under the tube to catch the leakage, he "felt something pulled like in my back and stuff." There were no witnesses. He further testified that when the unloading was almost complete, he phoned the company's terminal and reported the accident to Stewart Emes, his dispatcher, and John Garland, the operations manager. According to Chitman, Garland told him to bring the truck back to the terminal and speak to Ken Grainger, the terminal manager. Chitman testified that he complied, reporting to Grainger that he had injured his back. Grainger told him to take the rest of the day off. Carolyn Chitman, the claimant's wife (they were not yet married on the date of the alleged accident), testified that on November 11 he phoned and told her he had hurt his back and was about to come home; she also testified she overheard him try to reach Grainger on the phone that afternoon, without success.
Chitman was scheduled to start his vacation either the next day or the day after; when he returned on November 18, Grainger told him he was being terminated. At the time of his firing Chitman did not mention his back injury to Grainger. Chitman has not worked regularly since November 11, except for one weekend a month in the Army National Guard, where he has served for several years.
Chitman testified that he saw Dr. Goodman on November 12, the day after the alleged accident, but admitted not reporting any accident to him; Dr. Goodman's records show that Chitman did not come to the office any time between October 18, 1993 and April 25, 1994. Chitman also claimed, however, to have reported the accident to his physical therapist, Mr. Stan Powell at Shreveport Physical Therapy. Mr. Powell's records verify a visit on November 12, but his report notes a "complaint of thoracic and upper lumbar pain[,] * * * a dull ache type of sensation which has been going on for approximately *673 six months " (emphasis added). According to these records, on neither November 12 nor any subsequent visit did Chitman report an accident or injury. Mr. Powell was not called to testify.
Other medical records introduced at trial included a March 1994 exam for the National Guard, in which Chitman did not report any back injury. His Readiness NCO, Sgt. Brown, testified that Chitman never missed an assignment or seemed to be disabled, but remembered that sometime in late 1993 Chitman mentioned in passing that he had hurt his back at work. Sgt. Brown never saw anything wrong with Chitman, and testified that he was never disabled as far as the Army was concerned.
The company personnel's testimony about the incident was uniform and diametrically opposite to Chitman's. The dispatcher, Emes, testified he did not recall a specific conversation with Chitman on November 11, but that he used to phone in all the time to say his back was hurting; had Chitman reported that he hurt his back on the job, Emes would have immediately filled out an accident report form. Emes was positive that Chitman never reported an accident. The terminal manager, Grainger, testified that Chitman did in fact phone in on November 11, but only to say that "his back was hurting," as he frequently did. Grainger stated that because of Chitman's ongoing back problems (corroborated by medical records) the company had tried to "work with him" by giving him short-haul or "shuttle" drives in which he could exit the truck and stretch more often. Grainger also explained that the decision to terminate Chitman on November 18 was largely based on a spinal evaluation by Dr. Carl Goodman, an orthopedic surgeon, on October 18, 1993 (about one month before the alleged accident). The report stated that in his current condition Chitman should not be driving a truck. As the company had no less strenuous jobs to offer him, Grainger testified, they had to terminate his employment.
Chitman filed the instant claim with the Department of Labor on December 13, 1993. The company had not seen him since November 18 and knew nothing about his alleged injury until Grainger and insurance claims manager Vicki Cary received a notice from the Department in December summoning them to a compensation mediation meeting in early January. Grainger and Ms. Cary testified they first heard the details of his claim only when Chitman gave his deposition; however, they had filed a general denial to the compensation claim on January 13, 1994.
Trial was held before the hearing officer in August 1994. She found Chitman's testimony "credible and consistent," and accepted his claim of sustaining a work-related injury on November 11. She also accepted his testimony, over that of the company's employees, that he reported the accident on the day it occurred. While she did not find that Chitman met the burden of proving his entitlement to weekly benefits (the temporary, total or supplemental earnings benefits he had claimed), she found he was "entitled to payment of all related medical treatment to include, physical therapy treatment by Shreveport Physical Therapy." She denied Chitman's claim for penalties and attorney fees.
As noted, the company has appealed, urging in essence that the hearing officer erred in finding that an accident occurred or that he proved his entitlement to medical benefits. Chitman has answered the appeal, seeking statutory penalties and attorney fees.

Applicable law
The claimant in the worker compensation case has the burden of proving a work-related accident by a preponderance of the evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Lubom v. L.J. Earnest Inc., 579 So.2d 1174 (La.App. 2d Cir.1991).
In determining whether the worker has discharged the burden of proof, the trier of fact should accept as true a witness's uncontradicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of his testimony. A worker's testimony alone may be sufficient to discharge the burden provided that two *674 essential elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances following the incident. Bruno v. Harbert Int'l Inc., supra. This court has held that a claimant may prove a work-related accident by his own, uncontradicted testimony corroborated by medical evidence. Shelton v. Wall, 614 So.2d 828 (La.App. 2d Cir.1993).
In the event of a compensable injury, the employer is obligated to furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of the State as legal. R.S. 23:1203 A. The claimant must prove by a "reasonable preponderance of the evidence the necessity and relationship of treatment provided by [the physician] to the work-related accident." Lynn v. Berg Mechanical Inc., 582 So.2d 902 (La.App. 2d Cir.1991), and citations therein.
The hearing officer's determinations as to whether the worker's testimony is credible and whether the worker discharged the burden of proof are factual findings governed by the manifest error rule. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94), 630 So.2d 706.

Discussion
By its first assignment the company urges the hearing officer erred in finding that Chitman suffered a work-related accident on November 11, 1993. Specifically it cites evidence that discredits Chitman's account of the incident, and the lack of corroborating circumstances to prove an accident by the claimant's testimony alone. These shortcomings, it urges, undermine Chitman's showing under Bruno v. Harbert Int'l, supra, and Shelton v. Wall, supra. By its third assignment the company challenges the hearing officer's credibility finding.
The evidence of the injury consists chiefly of Chitman's own testimony. This includes a somewhat ambiguous description of an accident ("felt something pulled like in my back and stuff"), his tentative assertions that he reported it to Emes and Garland ("to the best of my knowledge I told him I had hurt my back" and "I think I told him that I had hurt my back"), and his refuted claim that he reported an accident to his orthopedist or physical therapist. While we would not likely have accepted such a history as "credible and consistent," we are sensitive to the hearing officer's fact-finding role and great discretion in matters of credibility. Alexander v. Pellerin Marble & Granite, supra; Gonzales v. Babco Farm Inc., 535 So.2d 822 (La.App. 2d Cir.), writ denied 536 So.2d 1200 (La.1988). We therefore pretermit consideration of the hearing officer's credibility call, which admittedly strains the limits of manifest error.
A claimant's testimony, standing alone and if accepted as true, may be sufficient to prove a work-related accident by a preponderance of evidence, provided it meets both requirements of Bruno v. Harbert Int'l, supra: (1) no other evidence discredits it and (2) it is corroborated by circumstances following the accident. See Shelton v. Wall, supra, and citations therein. We have closely reviewed the evidence, which shows that Chitman had complained of mid and lower back pain for some six months (as reported to Stan Powell, the therapist), a year or so (as reported to Dr. Hillman), or as much as two years (as reported to Dr. Goodman) prior to the alleged accident. Chitman went to Mr. Powell the day after the alleged accident, but this appointment had been set by Dr. Hillman some 10 days earlier. Notably, Chitman did not on that occasion, or on any subsequent visit, report an accident to the therapist.[1] More significantly, Mr. Powell detected neither "gross abnormalities in posture" nor any objective evidence of traumatic injury. Chitman did not return to Dr. Goodman until over five months after the alleged accident; he did not then report the accident, and Dr. Goodman did not detect any objective sign of injury. The doctor even remarked that had Chitman complained of a recent onset of *675 pain, he would have attempted some treatment; since the problem was obviously chronic, he merely suggested that Chitman avoid bending, sitting, driving and lifting over 35 pounds.
In short this record is completely devoid of medical evidence to corroborate Chitman's claim of a work-related accident. In support of the hearing officer's judgment, Chitman cites the testimony of his wife and of his Readiness NCO, Sgt. Brown.[2] This evidence, however, serves only to show that the claimant told these witnesses about, but did not demonstrate to them the fact of, an accident. Jones v. Alexander, 399 So.2d 216 (La.App. 2d Cir.), writ denied 400 So.2d 1383 (La.1981). While it might support Chitman's credibility, these witnesses' testimony obviously does nothing to satisfy the requirement of corroboration set out in Shelton v. Wall, supra, and Bruno v. Harbert Int'l, supra. We are therefore constrained to find that the evidence presented herein does not meet the burden of proving, by a preponderance, that Chitman sustained a work-related injury.
The failure to prove a work-related injury obviously defeats the claim for benefits; however, even if this court were to find proof of a compensable injury, we would be constrained to find the proof of medical expenses insufficient. Shelton v. Wall, supra. By its second assignment the company urges the hearing officer erred in finding that Chitman was entitled to payment for medical treatment by Shreveport Physical Therapy after November 11, 1993. Chitman bears the burden of showing that the treatment was necessary and related to the compensable accident. Lynn v. Berg Mechanical Inc., supra.
As noted above, Chitman's November 12 appointment with the therapist was made ten days earlier, and plainly was not scheduled to treat an accident that had not yet occurred. The therapist's report and office records show not a scintilla of evidence that the November 12 appointment, or any of the later sessions, were necessitated by or related to any accident. Chitman did not depose the therapist or call him to testify; this potential evidence may be presumed to be adverse to him. Chatelain v. USF & G, 495 So.2d 379 (La.App. 3d Cir.), writ denied 498 So.2d 756 (La.1986). Chitman himself did not testify that the therapy was related to the accident; he did not even testify he suffered any disability as a result of it. The proof of causation is inadequate. Even if the hearing officer was entitled to find that a work-related accident occurred, she was plainly wrong to find sufficient proof of any necessary medical expenses. Charles v. South Central Industries, 95-746 (La.App. 3d Cir. 12/6/95), 667 So.2d 1129; Lee v. East Baton Rouge Parish Sch. Bd., 623 So.2d 150 (La.App. 1st Cir.), writ denied 627 So.2d 658 (La.1993).
By his answer to appeal Chitman contests the hearing officer's failure to grant statutory penalties and attorney fees under R.S. 23:1201, 1201.2. In light of the fact that Chitman never presented the company with any medical bills for payment, any requests for medical treatment or medical evidence of an injury, the company's failure to pay was not arbitrary, capricious or without probable cause. Moreover, the hearing officer found that no weekly benefits were due, and this court ultimately found that he did not prove either a compensable injury or medical benefits. Chitman is not entitled to penalties and attorney fees. Lubom v. L.J. Earnest, supra; Nubles v. H & J Employment Serv., 25792 (La.App. 2d Cir. 5/4/94), 637 So.2d 648.

Conclusion
For the reasons expressed, the judgment of the hearing officer is reversed and judgment is rendered dismissing James E. Chitman's claim at his costs.
REVERSED AND RENDERED.
NOTES
[1] The therapist was the only health care provider to whom Chitman was fairly certain he had reported the accident.
[2] Mrs. Chitman's credibility was itself suspect in that she testified her husband had no medical problems prior to the alleged accident, an assertion that is incomprehensible in light of the other evidence; and she admitted she forged her husband's signature to an insurance application.