709 So.2d 251 (1998)
Robert L. WOODS, Plaintiff-Appellee,
v.
RYAN CHEVROLET, INC., Defendant-Appellant.
No. 30206-WCA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1998.
As Corrected on Limited Grant of Rehearing April 2, 1998.
*253 Crawford & Anzelmo by Donald J. Anzelmo, Monroe, for Defendant-Appellant.
McKeithen, Ryland & Champagne by Louis Champagne, Columbia, Harold L. Lee, Baton Rouge, for Plaintiff-Appellee.
Before MARVIN, C.J., and STEWART and GASKINS, JJ.
STEWART, Judge.
The employer, Ryan Chevrolet, appeals a decree from the Office of Worker's Compensation awarding the claimant, Robert L. Woods (Woods), temporary total disability compensation from February 20, 1995 until he receives certain medical testing and is released to return to work by his orthopedic surgeon. Ryan Chevrolet further appeals the awarding of penalties and attorneys' fees in favor of the claimant and against the employer. We amend in part, affirm in part and as amended render.

FACTS
The parties stipulated that Woods was involved in a work-related accident on October 27, 1994. Woods fell off the top of a minivan while detailing it. Immediately following the accident, Woods was taken to St. Francis Medical Center's emergency room where he was treated by Dr. Charles Blackmon. Woods complained about his right shoulder, the right side of his chest, his right foot and testicle. Dr. Blackmon had an impression of right shoulder contusion, right forearm contusion, contusion and right foot sprain, and hydrocele with testicular pain and discomfort. Dr. Blackmon had Woods return on October 30, 1994 at which time an inguinal hernia was noted. Ryan Chevrolet accepted responsibility for the hernia and authorized the surgery.
It is undisputed that Dr. Frank Rizzo, surgeon, successfully repaired the hernia and released Woods to return to work on February 20, 1995. Woods was paid weekly workers' compensation benefits in the amount of $133.34 through February 20, 1995. The workers' compensation benefits were terminated on February 20, 1995 based upon Woods release by Dr. Rizzo.
Woods did not return to work following Dr. Rizzo's release. Woods contended that he was still unable to return to work. On March 8, 1995 and April 4, 1995, Woods sought treatment from an orthopedic surgeon, Dr. Rifat Nawas. Dr. Nawas reviewed the x-rays from St. Francis Medical Center *254 which were incorrectly dated October, 1991 instead of October 1994. Based upon the erroneous dating of the x-rays, Dr. Nawas questioned Wood's honesty about the date of his injury and any previous injuries. Although Woods denied any previous injury, Dr. Nawas believed that Woods was complaining of a three-year-old injury.
Dr. Nawas' March 8,1995 report noted that Woods had an old injury to the right shoulder, a healed fracture in the right foot, no finding of low back injury, and no condition to explain continued pain in the right foot and ankle. Dr. Nawas released Woods to return to work and refused to treat him thereafter. At trial, the parties agreed that such references in Dr. Nawas' report were based upon the erroneous dating of the original x-rays by St. Francis Medical Center.
On May 20, 1996, Woods sought medical treatment at E.A. Conway Medical Center, complaining of right shoulder pain. The treating physician at E.A. Conway Medical noted that Woods had crepitation within the right shoulder upon movement, a finding similar to the one made by Dr. Nawas.
Approximately ten days later, May 30, 1996, Woods sought treatment from orthopedic surgeon, Dr. Baer Rambach. Dr. Rambach noted that Woods continued to suffer from job related injuries and was totally, physically impaired from engaging in any type of gainful employment. Dr. Rambach further found Woods' right shoulder pops and grinds upon abduction, rotation and movement of the shoulder, findings similar to Dr. Nawas' report of March 8, 1995. Repeated requests by Dr. Rambach for an MRI of Woods' right shoulder were denied.
On July 30, 1996, at the request of Ryan Chevrolet, Woods saw Dr. Gordon M. Mead, orthopedic surgeon. After reviewing the reports of Dr. Nawas and examining Woods, Dr. Mead noted that Woods had crepitance on range of motion of the right ankle and right shoulder. However, Dr. Mead determined that Woods was malingering and recommended that Woods return to work. Dr. Mead did not review the reports of Dr. Rambach.
This matter was tried before the Honorable Brenza Irving, Hearing Officer for the Office of Worker's Compensation, State of Louisiana, on January 16, 1997. Judgment was rendered awarding the claimant, Robert L. Woods (Woods), temporary total disability compensation from February 20, 1995 until he receives certain medical testing and is released to return to work by his orthopedic surgeon, awarding payment and/or reimbursement of all medical and pharmacy expenses, as well as milage for two round trips to Shreveport and penalties and attorneys' fees in favor of the claimant and against the employer.

CONTINUING DISABILITY AFTER FEBRUARY 20, 1995
A claimant who suffers "personal injury by accident arising out of and in the course of his employment" is entitled to compensation benefits. LSA-R.S. 23:1031 A. A work-related accident is "an unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." LSA-R.S. 23:1021(1). Jackson v. Creger Automotive Co., Inc., 29,249 (La.App.2d Cir. 4/2/97), 691 So.2d 824; Andrews v. Music Mountain Water Co., 25,634 (La.App.2d Cir. 4/6/94), 637 So.2d 571, writ denied, 94-1190 (La.6/24/94), 640 So.2d 1356.
The claimant in the worker's compensation case has the burden of proving a work-related accident by a preponderance of the evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992); Chitman v. Davison Trucking, 28,073 (La.App.2d Cir. 2/28/96), 669 So.2d 671. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Jackson, supra; Chitman, supra. A claimant's own, uncontradicted testimony corroborated by medical evidence may prove a work-related accident. Jackson, supra; Shelton v. Wall, 614 So.2d 828 (La.App. 2d Cir.1993).
*255 In the event of a work-related injury, the employee bears the initial burden of establishing the causal connection between the disability and the employment accident by a reasonable preponderance of the evidence. The claimant does not necessarily have to establish the exact cause of the disability, but he must demonstrate by a preponderance of proof that the accident had a causal connection with the disability. The causal relationship can be established when the employee proves that before the accident he was in good health, but commencing with the accident, the symptoms of the disabling condition appeared, and there is sufficient medical evidence to show a reasonable possibility of causal connection between the accident and the disabling condition. Quinones v. USF & G, 93-1648 (La.1/14/94), 630 So.2d 1303; Jackson, supra.
In assignment of error number one, Ryan Chevrolet contends that the hearing officer erred in finding that Woods' job related accident resulted in disability after February 20, 1995. The employer, Ryan Chevrolet, suggests that the medical evidence established that Woods was released to return to his regular job, without limitation, on February 20, 1995, and that two orthopedic surgeons, Dr. Rifat Nawas and Dr. Gordon Mead, were of the opinion that Woods had no evidence of injury or disability, and was capable of returning to work.
Woods contends that the February 20, 1995 release by Dr. Rizzo was related only to his hernia surgery and that he was still unable to return to work because of other injuries suffered in the work related accident. Woods further contends that he continued to seek medical treatment for those work related injuries even after Dr. Nawas' refusal to treat him and Ryan Chevrolet's initial refusal to allow him to see another doctor of his choice.
The hearing officer in the reasons for judgment found that Dr. Rizzo did release Woods but that the release of February 20, 1995 was based upon Woods' recovery from hernia surgery and not the disabling injuries to his back, shoulder and ankle. Additionally, the hearing officer found that the erroneously dated x-rays were paramount in causing Dr. Nawas to believe that Woods was complaining of three year old injuries, that these x-rays tainted Dr. Nawas' diagnosis of Woods and led Dr. Nawas to release Woods, that "Dr. Mead was greatly influenced by the tainted reports of Dr. Nawas," and that Dr. Mead noted Woods injuries as pre-existing injuries and reported that Woods could return to work.
Nevertheless, Woods continued to seek treatment and saw Dr. Baer Rambach on May 30, 1996. Dr. Rambach noted that Woods has multiple injuries from a job-related accident which totally and physically impaired him from engaging in gainful employment. While all the doctors acknowledged claimant's injuries, only Dr. Rambach was uninfluenced by the erroneously dated x-rays from St. Francis Medical Center.
We have thoroughly reviewed the entire record in this matter. Although there were conflicting medical opinions regarding Wood's ability to return to work, the hearing officer made credibility determinations and believed that the plaintiff remained temporarily totally disabled after February 20, 1995. A claimant's disability is presumed to have resulted from an accident if, before the accident the claimant was in good health but, commencing with the accident, the symptoms of the disabling condition appear and continuously thereafter manifest themselves. In the instant case there is sufficient medical evidence to show there is a reasonable possibility of a causal connection between the accident and the disabling condition or that the nature of the accident, when combined with the facts of the case, raises a natural inference through human experience that such a causal connection exists. Theus v. Schumpert Medical Center, 25,750 (La.App. 2 Cir. 4/5/95), 653 So.2d 178, 181.
We conclude that a reasonable factual basis exists in the record for the hearing officer's finding. Furthermore, that finding is not manifestly erroneous or clearly wrong and will not be overturned by this court.
Assignment of error number one is without merit.

*256 COMPENSATION BENEFITS AND MEDICAL BENEFITS AFTER RELEASE ON FEBRUARY 20, 1995
In assignment of error number two, the appellant contends that the hearing officer erred in finding that Woods was entitled to compensation benefits and medical benefits after he was released to return to work on February 20, 1995.
Woods counters that his disability was a continuing disability for which he continually sought medical treatment and that the diagnosis by Dr. Nawas and Dr. Mead are tainted by the misdated x-rays.
The testimony of the treating physician is usually accorded more weight than the testimony of physicians who only evaluate the claimant. Graham v. Georgia-Pacific Corp., 26-165 (La.App.2d Cir. 9/23/94), 643 So.2d 352. See also Schouest v. J. Ray McDermott & Co., 411 So.2d 1042 (La.1982). The hearing officer should, however, consider the totality of the evidence. Graham, supra.
The employer is obligated to furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of the state as legal for a compensable injury. LSA-R.S. 23:1203 A. The worker claiming medical benefits must prove by a preponderance of the evidence the necessity and relationship of the treatment to the work-related accident. Chitman, supra.
The hearing officer's factual findings are subject to the manifest error rule. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Mitchell v. AT & T, 27,290 (La.App.2d Cir. 8/28/95), 660 So.2d 204, writ denied, 95-2474 (La.12/15/95), 664 So.2d 456. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Stobart v. State, Through Dept. of Transp. & Dev., 617 So.2d 880 (La.1993); Jackson, supra. Reasonable evaluations of credibility and inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, supra; Jackson, supra.
The hearing officer recognized Dr. Rambach as Woods' treating physician. This determination was made by the hearing officer because Dr. Mead, the employer's physician, only saw Woods once and both Dr. Mead and Dr. Nawas' opinions were tainted by erroneous facts that lead to a preconception regarding Woods injuries and inability to work.
As the treating physician, Dr. Rambach's testimony is accorded more weight than the testimony of physicians who only evaluate the claimant. Dr. Rambach noted that Woods' complaints in 1996 were consistent with the initial reported injury of 1994. Dr. Rambach, after examining Woods, noted the same findings that Dr. Nawas had on March 8,1995. The record shows that Dr. Blackmon, Dr. Nawas, and Dr. Mead acknowledged Woods' multiple injuries and the "significant crepitations during internal/external rotation and audible clicks during motion in Woods' right shoulder."
Furthermore, Dr. Rambach took x-rays and substantiated Woods' claim of continuing injury. Dr. Rambach was of the opinion that Woods would probably benefit from shoulder arthroscopy and debridement of the joint. He further noted that Woods was disabled and unable to return to work without proper rehabilitation treatment. Repeated requests by Dr. Rambach for an MRI of Woods' right shoulder were denied.
In light of the testimony of the treating physician, Dr. Rambach, and the claimant, Woods, we find no manifest error in the hearing officer's conclusion that the current condition of Woods' right shoulder, back, and right foot and ankle were caused by the 1994 work-related accident and is a continuing disability. We conclude that Woods has proven by a preponderance of the evidence the necessity and relationship of the treatment to the work-related accident.
Therefore, we affirm the hearing officers' finding that Woods is disabled and is entitled to temporary total disability benefits and that Ryan Chevrolet is obligated to furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of the state as legal for Woods' *257 compensable injuries to his right shoulder, right ankle and back. In finding Woods temporarily totally disabled, we order his benefits to be paid retroactive to February 20, 1995 and continue until his release to return to work by his orthopedic surgeon.
Assignment of error number two is without merit.

AWARD OF PENALTIES AND ATTORNEY'S FEES
In assignment of error number three, the appellant asserts that the hearing officer erred in awarding the appellee penalties and attorney's fees.
The employer or insurer must pay benefits within 14 days of notice of the injury and loss. LSA-R.S. 23:1201. Failure to pay timely subjects the liable party to a penalty of twelve percent, unless such nonpayment results from conditions over which the employer or insurer had no control or the claim has been reasonably controverted. LSA-R.S. 23:1201.
La. R.S. 23:1201(E) subjects the employer or insurer to statutory penalties for any unpaid compensation or medical benefits, unless the employer or insurer reasonably controverts the employee's right to those benefits. "The employee's right to such benefits will be deemed `reasonably controverted' if the employer or insurer had a reasonable basis for believing that medical expenses and indemnity benefits were not due the employee." Danzey v. Evergreen Presbyterian Ministries, 95-167, (La.App. 3 Cir. 6/7/95), 657 So.2d 491; 657 So.2d at 497-98.
La. R.S. 23:1201.2 authorizes an award of attorney's fees when the employer or insurer's failure to pay a claim within sixty days of written notice is found to be arbitrary, capricious, or without probable cause. Termination of benefits will not be considered arbitrary and capricious if it is based upon competent medical evidence. Reasonably controverting a claim means that the payor has factual or medical information of such a nature that it reasonably counters that provided by the claimant. Cleveland v. Delhi Guest Home, 29,506 (La.App.2d Cir. 5/7/97), 694 So.2d 607; Davis v. Jones Baldwin Music Co., 27,545 (La.App.2d Cir. 11/1/95), 662 So.2d 803. Since these provisions are penal in nature, they must be strictly construed, allowing recovery only in cases where the facts negate probable cause for nonpayment. Cleveland, supra. See also Graham, supra.
It is incumbent upon the insurer to make reasonable efforts to ascertain the employee's exact medical condition at the time of termination of benefits. Whether or not a termination of benefits is arbitrary, capricious, or without probable cause depends primarily on the facts known to the employer at the time of termination of benefits. Harris v. Langston Co., Inc., 94-1266 (La.App. 3 Cir. 4/5/95), 653 So.2d 789, 797; Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993).
Ryan Chevrolet's decision to terminate benefits was based upon Dr. Rizzo's release. Dr. Rizzo reported that Woods was released and able to return to work without limitations. Woods was later treated by Dr. Nawas who reported that there was no medical condition to explain Woods' continued complaints and that Woods could return to work. While it is agreed that Dr. Nawas' report was tainted by the erroneous dating of the x-rays, the evidence shows that the employer made reasonable efforts to ascertain the employee's exact medical condition by informing Dr. Nawas of the misdated x-rays and requesting reconsideration of Woods' condition. Ryan Chevrolet, through its insurer, forwarded a letter to Dr. Nawas making a "request to evaluate him in regard to a right shoulder and right ankle injury ... I am relying on your medical expertise to review all the information at your disposal, and determine the legitimate nature of this appeal." However, even after being informed of the erroneous dating, Dr. Nawas maintained his original opinion.
Although the hearing officer found that the February 20, 1995 release was based upon Woods' recovery from hernia surgery and not the disabling injuries to his back, shoulder and ankle, we cannot conclude that Ryan Chevrolet's refusal to make compensation payments, based upon their initial reliance *258 on Dr. Rizzo's report and later on Dr. Nawas' report, was capricious or arbitrary. Nor do we conclude that such action subjected the employer to statutory penalties or attorney fees. Therefore, we reverse the portion of the hearing officer's judgment awarding Woods penalties and attorney's fees.

DECREE
For the foregoing reasons, the judgment of the district court is amended in part, affirmed in part and as amended rendered. Judgment is rendered as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Robert L. Woods, and against defendant, Ryan Chevrolet, finding him temporarily totally disabled and entitled to compensation benefits retroactive to February 20, 1995, together with legal interest thereon from the date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Robert L. Woods, and against defendant, Ryan Chevrolet, for payment and/or reimbursement of all medical and pharmacy expenses incurred by Woods for services rendered by Dr. Rambach, and that Ryan Chevrolet is obligated to furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of the state as legal for Woods' compensable injuries to his right shoulder, right ankle, right foot, and back.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Robert L. Woods, and against defendant, Ryan Chevrolet, for reimbursement of mileage expenses for two round trips from Rayville, Louisiana to Shreveport, Louisiana for a total of 560 miles.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all court costs, trial and appellate are assessed against the defendant, Ryan Chevrolet.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
Before MARVIN, C.J., and NORRIS, STEWART, GASKINS and CARAWAY, JJ.

ON REHEARING
PER CURIAM.
Granting in part a rehearing to correct a date and otherwise denying application for rehearing.
[Editor's Note: Corrections incorporated for purpose of publication.]
Otherwise, the application for rehearing is denied