JjMAX N. TOBIAS, JR., Judge.
Claimant/appellant, Melonee Prevost (“Prevost”), appeals from a final judgment of the Office of Workers’ Compensation, which found that she had not proven a work-related injury to her neck, shoulders, legs, knees, or heels. After a review of the record and the applicable law, we affirm the judgment.
Prevost filed a 1008 disputed claim form with the Office of Workers’ Compensation, seeking workers’ compensation benefits for an accident that occurred on or about 23 December 2001 while lifting large watering cans for her employer, Interior Gardens, *523 Inc.[1] On 2 December 2003, there was a trial on the merits. After considering the law and the evidence presented, the workers’ compensation judge held as follows:
1. Claimant Melonee Prevost failed to carry her burden of proof that she suffered a work-related injury in 2001 that caused injury to her neck, shoulders, legs, knees, or heels; and
2. Accordingly, claimant Melonee Pre-vost is not entitled to any workers’ compensation benefits for alleged injury to those areas of the body; and
3. It is not disputed that claimant suffered a work-related injury to her arms and/or wrists and is |aentitled to continue to receive necessary and reasonable medical treatment for those areas of the body; and
4. Claimant’s case is DISMISSED WITH PREJUDICE; and
5. Each party is to bear its own costs.
Prevost contends that the lower court erred by disallowing benefits for injuries to her neck, shoulders, legs, knees, or heels.[2] In addition she contends that the failure to receive appropriate medical care has caused her to suffer from depression, which has prevented her from returning to gainful employment.[3]
Prevost’s testimony is that she sought medical attention for pain and swelling in her hands and arms after December 2001. Although she also had pain in her neck and back, she was not authorized by the workers’ compensation carrier to obtain medical attention for these areas due to previous injuries and problems. Prevost stated that she did not complain about neck and back pain to her primary care physician until February 2003. However, she maintains that she should receive medical benefits from the compensation carrier for treatment by Dr. Wojciech Wojcik, a chiropractor, who has been treating her for her neck and back pain, as well as her arms and wrists.
Under cross-examination, Prevost admitted that when she first reported the incident to her employer, she only complained of arm pain; she did not then need assistance for her neck or back. Her employer told her to contact its workers’ compensation carrier, the Louisiana Workers’ Compensation Corporation (“LWCC”). Prevost did so, informing the LWCC representative that her arm was |3hurting;[4] Prevost was referred to Dr. Eric George, a hand specialist, who treated her conservatively until April 2002. She became dissatisfied with Dr. George’s treatment because he released her to return to full work, which Prevost believed caused her more damage.
In August 2002, the LWCC authorized Prevost to seek treatment from a second hand specialist, Dr. Kathleen Robertson of Tulane Medical Center, to whom she reported her neck and back pain. In the initial background questionnaire, Prevost indicated that some of her problems could be related to arthritis, although no doctor *524 has diagnosed her with it. She also admitted that she had been having back and shoulder pain for many years and was treating with Dr. Wojcik for six to eight months preceding the accident in December 2001 for stress reduction, which may be causing her neck and back pain.
We review workers’ compensation cases using the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). This standard precludes setting aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State through Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). In applying the manifest error standard, we need not determine whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart, 617 So.2d at 882. As the Louisiana Supreme Court has stated, “If the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the |4evidence differently.” Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
In Millon v. Clarion Hotel, 98-0002 (La. App. 4 Cir. 9/16/98), 719 So.2d 568, writ denied, 98-2973 (La.1/29/99), 736 So.2d 836, this court stated the burden of proof for a claim of a work-related accident as follows:
The claimant in a worker’s [sic] compensation case has the burden of proving a work-related accident by a preponderance of the evidence. Woods v. Ryan Chevrolet, Inc., 30,206 (La.App. 2 Cir. 2/25/98), 709 So.2d 251, writ denied, 98-1169 (La.6/5/98), 720 So.2d 689, citing Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not.
Id. at p. 4, 709 So.2d at 254.
In the instant matter, Prevost fails to carry her burden of proving that the work-related accident in December 2001 that caused injury to her neck, shoulders, legs, knees, and/or heels. Nothing exists in Prevost’s medical records demonstrating a correlation between the December 2001 accident and her neck and back pain. Even her own testimony reveals prior neck and back problems, which she herself relates to stress. However, as found by the court below, Prevost has proven a work-related injury to her arms and/or wrists. Consequently, we affirm the judgment of the Office of Workers’ Compensation in its entirety.

AFFIRMED.

. Interior Gardens, Inc. provides indoor plant care to plants located in office buildings, etc.

. The brief filed by Prevost, who represents herself in these proceedings, is less than clear. However, a careful reading of her brief reveals the nature of her assignments of error.

.We do not find that this issue was raised in the court below; therefore, we will not address it on appeal.

. Later in testimony, Prevost contended that she told the LWCC representative that she had “all over body pain,” although she did not inform Dr. George of this complaint. She contends that she did not do so because she was seeing Dr. George specifically about her hand.