**Elvert CHISLEY, Plaintiff-Appellant,**

v.

**RICHLAND PARISH SCHOOL BOARD et al., Defendants-Appellees.**

**No. 71–1788**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1971.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Paul Henry Kidd, Robert P. McLeod, Kidd & McLeod, Monroe, La., for plaintiff-appellant.

E. Rudolph McIntyre, Dist. Atty., 5th Jud. Dist. Court, Winnsboro, La., Wm.

R. Coenen, 1st Asst. Dist. Atty. 5th Jud. Dist. Court, Rayville, La., for defendants-appellees.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Elvert Chisley, a tenured black public school teacher, has taught in the Richland Parish, Louisiana, school system as a high school instructor for fourteen years. Chisley's first thirteen years were served as an instructor in an all-black school. As a result of court-ordered faculty integration, he taught in an integrated, formerly all-white school during the 1969–70 school year. At the end of that school term, he was advised that his contract was to be terminated.

Following a tenure hearing on July 17, 1970, before the Richland Parish School Board, the dismissal order was reaffirmed and Chisley's employment contract was terminated. Thereafter, on January 28, 1971, Chisley filed a complaint in federal district court alleging that he had been dismissed solely because of his race. Jurisdiction was invoked pursuant to 28 U.S.C.A. § 1343(3), based upon a cause of action under 42 U.S.C.A. § 1983.

On February 26, 1971, Chisley's complaint was dismissed for lack of jurisdiction on the ground that he had failed to exhaust all "available administrative and state court remedies existing for a tenure teacher." We reverse and remand.

It is now clear that exhaustion of either state judicial or administrative remedies is not a prerequisite to the invocation of federal relief under the Civil Rights Act of 1871, 42 U.S.C.A. § 1983, since the cause of action established by that statute is fully supplementary to any remedy, adequate or inadequate, that might exist under state law. Houghton v. Shafer, 1968, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319; Damico v. California, 1967, 389 U.S. 416, 88 S. Ct. 526, 19 L.Ed.2d 647; McNeese v.

Board of Educ., 1963, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622; Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; Hobbs v. Thompson, 5 Cir. 1971, 448 F.2d 456; Moreno v. Henckel, 5 Cir. 1970, 431 F.2d 1299; Hall v. Garson, 5 Cir. 1970, 430 F.2d 430; Note, Exhaustion of State Remedies Under the Civil Rights Act, 68 Colum.L.Rev. 1201 (1968). The district court, therefore, committed reversible error in dismissing plaintiff's complaint for failure to exhaust state remedies.

Defendants allege, however, that in addition to the instant suit Chisley has previously challenged his dismissal in a class action filed on July 6, 1970, in federal district court. According to defendants, that action was similarly dismissed for failure to exhaust, from which judgment no appeal has been taken. Defendants therefore contend that his prior action stands as a final judgment which, under the doctrine of *res judicata*, precludes relitigation of the same cause of action in the instant case.

We cannot determine from the record before us whether there is merit to defendants' contentions, and the district court, because of its ruling on the exhaustion point, did not consider this issue. Specifically, we cannot determine from the record (1) whether this issue was raised by defendants below, (2) whether there indeed was a prior action encompassing the same cause of action asserted in the instant case, and (3) whether, if such an action was brought, plaintiff's failure to perfect an appeal operates as a bar to the instant suit. These issues, and any others arising from defendants' allegations, are accordingly left for resolution by the district court on remand.

The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with the foregoing.

Reversed and remanded.