WATKINS, Judge.
Mrs. Dorothy Kyle brought the present action in the Nineteenth Judicial District Court seeking (1) a reversal of the Civil Service Commission’s decision setting aside her promotion to the position of Attorney V, (2) reinstatement in her position as Attorney V, and, (3) special damages, attorney’s fees, and court costs as provided for in 42 U.S.C. §§ 1983 and 1988. Defendants were the Civil Service Commission, and members of the Civil Service Commission and various other state officials individually. Defendants filed exceptions of lis pen-dens and lack of jurisdiction over the subject matter. The trial court sustained the exception of lack of jurisdiction over the subject matter and dismissed plaintiff’s suit. We reverse and remand for further proceedings.
To give a brief history of the case, Ms. Kyle was promoted to the position of Attorney V in the Louisiana Department of Health and Human Resources. In a decision of the Civil Service Commission following proceedings before the Commission to which Ms. Kyle was not a party, Ms. Kyle’s promotion was rescinded. This decision of the Commission was set aside in Donchess v. DHHR, Office of Management and Finance, 457 So.2d 833 (La.App. 1st Cir.1984). The Civil Service Commission thereupon once again rescinded Ms. Kyle’s promotion. Ms. Kyle appealed, and obtained a reversal on procedural grounds in an unpublished decision of this Court. (Kyle v. DHHR, 472 So.2d 950, La.App. 1st Cir.1985). All parties to the present appeal agree that Ms. Kyle has now been reinstated in her position as Attorney V, and has received full compensation, past and present, commensurate with that position. Thus the question of whether or not Ms. Kyle may obtain these forms of relief has already been determined, and is now moot. The sole issue before us on appeal is whether Ms. Kyle may seek relief under 42 U.S.C. §§ 1983 and 1988.
The Louisiana Supreme Court held in Ricard v. State, 390 So.2d 882 (La.1980), that state courts have concurrent jurisdiction with federal courts of matters brought under 42 U.S.C. § 1983, and that such an action may be initiated in state district court. Defendants in brief concede that the State Civil Service Commission cannot hear a § 1983 claim. It therefore follows *974 that Ms. Kyle properly sought relief in the Nineteenth Judicial District Court, and that the exception of lack of jurisdiction over the subject matter was improperly sustained as to Ms. Kyle’s Section 1983 claim.
Accordingly, the judgment of the trial court is reversed, and the matter remanded to the Nineteenth Judicial District Court for further proceedings, all costs to await final determination of the matter.
REVERSED AND REMANDED.