SCHOTT, Judge.
This is a suit under LSA-R.S. 23:1006 authorizing an employee to make a claim against the employer for damages resulting from discrimination. Plaintiff is a classified employee of the Louisiana Department of Human Resources. Defendant filed a declinatory exception to the court’s jurisdiction over the subject matter on the ground that the Louisiana Constitution confers jurisdiction over such a case to the State Civil Service Commission. From a judgment sustaining the exception and dismissing the suit plaintiff has appealed.
Plaintiff is employed as a Police Officer at Charity Hospital in New Orleans. She alleges that she has been the victim of discrimination because of her sex. She claims that she has been constantly harassed by defendants, Lieutenant Robert Coleman and John Penino, her supervisors, ever since she refused Coleman’s request that she go out with him on a date; and that this harassment consisted of her being required to perform duties not suitable for her position, being compelled to work on her off-days, suffering unjust reprimands, a suspension, a denial of a merit pay increase, reduced performance ratings, and insults in the presence of other employees.
Plaintiff claims to be entitled to the benefits of R.S. 23:1006 which includes in its definition of “employer” against whom a sexual discrimination suit may be filed “the state [and] its agencies.”
The Louisiana Constitution provides that a person in the classified civil service who is subjected to disciplinary action shall have the right to appeal to the appropriate civil service commission. Act. 10 § 8(A). A classified employee discriminated against because of politics, religion, sex, or race shall have the right to appeal to the appropriate commission. Art. 10 § 8(B). Each commission is vested with broad powers for the administration and regulation of the classified service. Art. 1Ó § 10(A). The commission’s authority to hear and decide disciplinary cases is exclusive subject to review by the Court of Appeal. Art. 10 § 12.
Because these constitutional provisions plainly provide the State Civil Service Commission with jurisdiction over plaintiff’s claim we are satisfied that the legislature in enacting R.S. 23:1006 did not intend to include civil service employees among those entitled to utilize its provisions. To agree with plaintiff that the legislature intended to include civil servants would require us to conclude that the statute is constitutionally infirm.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.