630 So.2d 844 (1993)
George EBERHARDT and Theresa Eberhardt
v.
Alan J. LEVASSEUR, Individually, and in his Capacity as Executive Director of the Crescent City Connection Division of the Department of Transportation, et al.
No. 93-CA-0456.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
Rehearing Denied January 14, 1994.
*845 Overton T. Harrington, Jr., Waldmann & Harrington, Gretna, for plaintiffs/appellants.
Mark E. Falcon, Daniel Avant, Avant & Falcon, Baton Rouge, for defendants/appellees.
Before BYRNES, WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
The issue before this Court is whether the Civil District Court for the Parish of Orleans has subject matter jurisdiction to decide a classified civil service employee's claim against his supervisor, co-employees and employer for an alleged Civil Rights, 42 U.S.C. § 1983 violation. We hold that the District Court has subject matter jurisdiction.
Appellants, George Eberhardt and Theresa Eberhardt, appeal the granting of the defendant's exception of lack of subject matter jurisdiction, dismissing their case with prejudice.
Plaintiff, George Eberhardt, was employed by the Department of Transportation and Development as a Bridge Police Corporal with the Crescent City Connection (C.C.C.) Division and was serving with permanent status. He was suspended by defendant, Alan J. LeVasseur (LeVasseur), Executive Director of the C.C.C., for obtaining police reports free from New Orleans Police Department and Jefferson Parish Sheriff's Office for his personal use in his second job as a private investigator, on agency time and using an agency employee to obtain the reports. He was subsequently terminated by LeVasseur for the same reasons.
Eberhardt appealed both the suspension and termination. The appeals were consolidated. In his Civil Service appeals he raised as a defense the issues that the disciplinary action was a retaliation action because of his criticism of the administration, and that he was the victim of discrimination because he was the only employee selected for discipline. The referee in the suspension case dismissed the discrimination defense except those against John Coucier, who is not a party to these proceedings. All other claims were denied. The appeal of the termination was denied as untimely.
Eberhardt elected not to appeal the referee's decision to the Civil Service Commission or to the 1st Circuit Court of Appeal. However, he filed suit in the Civil District Court of Orleans against LeVasseur, individually and in his capacity as Executive Director of the C.C.C.; Frank Shaw, Chief of Police of the C.C.C.; Robert Murphy, an officer of the Internal Affairs of the C.C.C. and the State of Louisiana. In his petition, he alleges that it was the routine practice and custom of bridge policemen to obtain police reports for private investigations, that this custom and practice was well known to the defendants, and that the agency officials never warned, criticized or prohibited this conduct. Additionally, he was the only policeman that was disciplined for this practice. He further alleges that on the day of his suspension, LeVasseur issued, for the first time, a memorandum prohibiting the practice of securing police reports for private purpose. Eberhardt contends, in his 42 U.S.C. § 1983 suit for damages, that the defendant's conspired against him in a discriminatory manner and terminated his employment in violation of his Civil Rights, 42 U.S.C. § 1983 et seq. Mrs. Eberhardt seeks damages for loss of consortium.
The defendants contend that the Civil District Court for the Parish of Orleans lacks *846 subject matter jurisdiction over the controversy because although Art. V, Sec. 16 of the La. Constitution vests jurisdiction over all civil and criminal matters in the District Courts of Louisiana except as otherwise authorized by the Constitution, that Art. X Sec. 10 of the Constitution establishes the State Civil Service Commission with the exclusive power to regulate classified service employees and in Art. X Sec. 12, confers the exclusive power to decide all removal and disciplinary cases to the Commission. Therefore, the defendants maintain that the State Civil Service Commission has the exclusive jurisdiction to adjudicate this case.
Eberhardt's factual allegations of discrimination and retaliatory discharge in his defense in the Civil Service case and the 42 U.S.C. § 1983 suit for damages are similar. In both cases he contends that the defendants, operating under the color of State law, conspired to deprive him of certain rights and benefits and caused his wrongful termination as a Civil Service employee. Nevertheless, there is a substantial distinction between the sources of law and remedies that Eberhardt is entitled to utilize.
We recognize and agree that the Civil Service Commission has exclusive jurisdiction over classified Civil Service employer-employee disputes that are employment related. In Strickland v. State, Office of the Governor, 525 So.2d 740 (La.App. 1st Cir. 1988) the court held that Civil Service Commission has exclusive jurisdiction to hear complaints alleging violation of a Uniform Classification and Pay Plan and that the district court did not have subject matter jurisdiction. In Foreman v. Falgout, 503 So.2d 517 (La.App. 1st Cir.1986) the court held that a classified Civil Service employee could not sue his supervisor and employer for interfering with the employee's job. The employee was transferred from a higher to a lower classification. In Barenis v. Gerace, 357 So.2d 892 (La.App. 1st Cir.1978), writ denied, 359 So.2d 1308 (La.1978) the court concluded that the Civil Service Commission had exclusive jurisdiction over an employee claiming that he was entitled to a promotion because of a union contract.
Eberhardt, in this case, seeks recovery from the defendants in their official capacity under 42 U.S.C. § 1983. The defendants have pled lack of subject matter jurisdiction.
Title 42 § 1983 of United States Code provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.
42 U.S.C.A. § 1983 (West 1981).
Recovery under § 1983 requires a plaintiff to allege and prove two essential elements: (1) that defendant's conduct occurred under color of state law, and (2) that defendant's conduct deprived him or her of a right, privilege, or immunity secured by the Constitution or a law of the United States. Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d 1081 (La.1990). State courts have concurrent jurisdiction with Federal Courts to adjudicate § 1983 suits. Price v. Louisiana Department of Transportation and Development, 608 So.2d 203 (La.App. 4th Cir.1992). "Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object demanded, the amount in dispute or value of the right asserted." L.C.C.P. art. 2, Tran v. Schwegmann's Giant Super Market, 609 So.2d 887 (La.App. 4th Cir.1992).
The petition sets forth allegations of fact that establish a § 1983 claim for damages. The State Civil Service Commission does not have jurisdiction to hear § 1983 claims. State District Courts have the power and authority to decide § 1983 claims. Therefore, although this litigation arises out of an employment dispute, it cannot be dismissed on an exception of lack of subject matter jurisdiction.
*847 The appellees further claim that Eberhardt failed to exhaust all of his Civil Service remedies before filing his damage suit and is thereby precluded from proceeding. The United States Fifth Circuit addressed the matter of jurisdiction and the need to exhaust all administrative remedies in Chisley v. Richland Parish School Board, 448 F.2d 1251 (5th Cir.1971). That court held that the "exhaustion of either state judicial or administrative remedies is not a prerequisite to the invocation of federal relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983, since the cause of action established by that statute is fully supplementary to any remedy, adequate or inadequate, that might exist under state law." Id. at 1252. Therefore, Eberhardt is not deprived of his right to seek § 1983 relief because of his failure to exhaust his Civil Service appeals.
Lastly, defendants claim that the decision by the Civil Service Commission as to Eberhardt's claims made the issues before the District Court res judicata. Eberhardt pled discrimination as a defense to his claim for reinstatement and return of pay and benefits. The denial of this defense does not per se render the issue res judicata.
Accordingly, the granting of the defendant's exception of lack of subject matter jurisprudence is reversed. The case is remanded to the district court for further proceedings. All cost of this appeal are assessed to the appellee's.
REVERSED AND REMANDED.