JaLOTTINGER, Chief Judge.
Succinctly, the issue before this court is whether La. Const. Art. X, Sec. 8(B) provides an exclusive listing of bases for civil service appeals based on discrimination.
The Louisiana Department of Agriculture and Forestry (hereinafter the “Department of Agriculture”) filed the instant petition for declaratory judgment. Therein, the petitioner alleged that Article X of the Louisiana Constitution established and empowered the Department of Civil Service and the State and City Civil Service Commissions. That article authorizes classified employees to appeal to the civil service commissions certain actions taken by their appointing authorities, including four designated categories of discrimination. The appealable categories of discrimination are listed in section 8(B) of Article X. That section grants a right to appeal to any classified employee discriminated against because of his (1) political or (2) religious beliefs, (3) sex, or (4) race. No other category of discrimination is mentioned therein.
The petitioner further asserted that certain rules adopted by the State Civil Service Commission purport to authorize appeals not authorized by Article X of the Louisiana Constitution. By purporting to designate and enforce additional categories of appeal-able discrimination, the State Civil Service Commission has exceeded and continues to exceed its constitutional authority.
Therein, the petitioner sought judgment decreeing that Civil Service Rules 1.14.1, 13.10(c), 13.10(e), 13.10(h), 13.10(k), 13.10(1), *679 and 14.1(a) are unconstitutional insofar as they purport to authorize a right of appeal from discrimination other than discrimination based upon a classified employee’s political or religious beliefs, sex or race, as provided in Article X. Rule 13.10(k) was repealed by the Civil Service Commission effective July 1, 1997.
Named as defendants were the Director of Civil Service, Herbert Sumrall, who was succeeded by Allen H. Reynolds, Acting Director of Civil Service; the Department of State,Civil Service; the State Civil Service Commission; and Richard Ieyoub, Attorney | gGeneral of Louisiana. Also named as defendants were Carolyn Dance and Earl Kolb, two individuals who, as civil service employees of the Department of Agriculture, have filed against the Department of Agriculture pending civil service appeals alleging discrimination based on one or more non-merit factors.
The State Civil Service Commission responded by filing a motion for summary judgment, asserting that it is given broad authority for the administration and regulation of the state classified service under Article X, and that the enactment of such rules is not only within the authority granted to the State Civil Service Commission, but is a responsibility of the State Civil Service Commission. The Department of Agriculture filed a cross-motion for summary judgment.
After hearing the matter, the trial judge rendered judgment granting the defendant’s motion for summary judgment, denying the motion for summary judgment filed by the petitioner, and dismissing the petitioner’s action. The Department of Agriculture appealed that judgment.
In reaching this decision, the trial court relied on the ease of Department of Health and Human Resources v. Payton, 498 So.2d 181 (La.App. 1 Cir.1986). In their brief on appeal, the appellees also rely on that case.
The Constitution of 1974 establishes and empowers the Civil Service Commission. The pertinent constitutional provisions are those which deal with appeals of actions of the Civil Service Commission and those which set forth the rulemaking powers of the Civil Service Commission. Article X, § 8 is entitled “Appeals” and provides as follows:
Section 8. (A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.
(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
l4Article X, § 10(A)(1) vests with each civil service commission rulemaking powers as follows:
Section 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification, plan; to require an appointing authority to institute ah employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.
In exercising the authority granted by the above constitutional provision, the State Civil Service Commission promulgated the following rules:
1.14.1 ‘Discrimination’ means consideration of religious or political beliefs, sex, race, or any other non-merit factors.
*680 [[Image here]]
13.10 Appeals to the Commission.
An appeal may be made to this Commission by
[[Image here]]
(e) Except as is provided in Rule 10.14, any person in the Classified Service who alleges that he has been adversely affected by the violation of the Article or any Rule of this Commission.[1]
[[Image here]]
(e) Any person in the Classified Service who alleges that he has been discriminated against by the application of. the Pay Plan or by the application of any change thereof.
[[Image here]]
(h) Any person who alleges that he has been the subject of discrimination as defined in Rule 1.14.1.
[[Image here]]
14.1 Prohibited Activities.
(a) No person shall be appointed or promoted to, or demoted, or dismissed from any position in the Classified Service, or in any way favored or discriminated against with respect to employment in the Classified Service, because of his or her political or religious opinions or affiliations, race, sex, or |gmembership or non-membership in any private organization.
The creation of the civil service system in this state, the creation and establishment of the State Civil Service Commission, and the power and authority of the Commission are all contained within Article X of the Louisiana Constitution of 1974. However, a thorr ough and exhaustive review of the transcripts of the Louisiana Constitutional Convention of 1973 sheds no light on the intention of the delegates as to Article 10, Section 8, Appeals.
We need not cite the plethora of cases which stand for and recognize that civil service is designed to abrogate the spoils system. Nor do we need cite cases which recognize that the Commission is vested with broad and general rule-making powers for the administration and regulation of the classified service. The constitution says as much. La. Const. Art. X, Section 10(A)(1).
Absent any evidence to the contrary in the convention transcripts, we do not view Section 8(B) as a limit on the appellate jurisdiction of the Commission. Nor, is the listing of the types of discrimination proscribed against exclusive. In particular, Article 10, Section 10(A)(3) proscribes against “favor or discrimination] against any applicant or employee because of his membership or non-membership in any private organization.” Assuming Section 8(B) contains an exclusive listing, then an individual would have no recourse to the Commission for discrimination proscribed by Section 10(A)(3). And, as this court has said often, the Civil Service Commission has exclusive jurisdiction over classified employer/employee disputes that are employment related.' Thus the district courts would be precluded from entertaining the Article 10 discrimination claims, and the employee would have no recourse. For that reason and that to do otherwise would thwart the entire civil service scheme, we do not find Section 8(B) contains an exclusive listing. At most, what Section 8(B) does is guarantee a constitutional right of appeal in those listed discriminations.
Under the “broad and general” rule-making power, the Civil Service Commission possesses the authority to expand on the types | gof discrimination which are prohibited and grant appeal therefrom.
Therefore, for the above reasons, we affirm at appellant’s costs in the amount of $1,423.28.
AFFIRMED.
FOGG, J., dissents and assigns reasons.

. Rule 13.10(c) was changed July 1, 1997.