730 So.2d 530 (1999)
Bobbie J. SMITH
v.
Ernest LORCH, Thomas Alford, Barrie Edgar, Cliff Murphy and State of Louisiana.
No. 98 CA 0319.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*531 Kathryn Wyble, Jackson, Jackson & Wyble, Baton Rouge, Attorney for Plaintiff-Appellant, Bobbie J. Smith.
Alden A. Clement, Jr., Office of Attorney General, Baton Rouge, Attorney for Defendants-Appellees, Ernest Lorch, et al.
Before: LeBLANC, FOGG, and PARRO, JJ.
PARRO, J.
From a judgment sustaining the defendants' exception raising the objection of lack of subject matter jurisdiction and dismissing with prejudice a classified civil service employee's suit for damages based on discrimination, the plaintiff appeals. For the following reasons, we reverse and remand for further proceedings.

Facts and Procedural History
Bobbie J. Smith was employed by the State of Louisiana in the Department of Health and Hospitals (Department) as a sanitarian and was serving with permanent status. In September 1997, while employed by the Department, Ms. Smith filed a petition for damages in the district court against the State of Louisiana and other individual defendants, who were employed by the Department in a superior capacity relative to Ms. Smith. Although Ms. Smith has not been the subject of any disciplinary action, she alleges in her petition a continuing pattern of racial discrimination against her by the defendants, including but not limited to: (a) denial of consideration for training in the sewerage and water area, (b) assignment of additional duties, (c) harassment, and (d) failure to receive promotions. She asserts that as a result of the defendants' actions, she has suffered damages, including lost wages, back and front pay, pain and suffering, mental anguish, and loss of future earning capacity. In addition to these elements of damages, she seeks recovery of punitive damages and *532 attorney fees. As a basis for her recovery, she cites 42 U.S.C. § 1981 et seq. (prohibiting racial discrimination in the making and enforcement of contracts), 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964 pertaining to unlawful discrimination in employment practices), and 42 U.S.C. § 12101 et seq. (Americans with Disabilities Act).
Defendants filed an exception raising the objection of lack of jurisdiction over the subject matter. The trial court sustained the exception and dismissed Ms. Smith's suit, with prejudice. Ms. Smith appeals and contends the trial court erred in sustaining the defendants' exception.

Discussion
LSA-Const. art. V, § 16(A) vests jurisdiction over all civil and criminal matters in the district courts of Louisiana except as otherwise authorized by the Constitution. In this case, the defendants contend the district court lacks subject matter jurisdiction[1] over this action because of a constitutionally authorized exception to LSA-Const. art. V, § 16(A), citing LSA-Const. art. X, § 12(A), which grants to the State Civil Service Commission (Commission) "the exclusive power and authority to hear and decide all removal and disciplinary cases." Moreover, in support of their argument, the defendants cite LSA-Const. art. X, § 8(B), which provides:
No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
In light of these provisions, the defendants contend the courts have recognized that the Commission has exclusive jurisdiction over classified civil service employer-employee disputes that are employment related. See Louisiana Department of Agriculture and Forestry v. Sumrall, 97-0288 (La.App. 1st Cir.5/15/98), 712 So.2d 678, 680, writ granted, 98-C-1587 (La. 9/25/98), 726 So.2d 2. The defendants further argue that the Commission's jurisdiction extends to all discrimination claims, citing Jackson v. State, 521 So.2d 436 (La.App. 4th Cir.1988).
In Jackson, an employee made a claim under a specific state law against her employer for damages resulting from discrimination. She alleged that she had been the victim of discrimination because of her sex. She claimed, among other things, that she had been constantly harassed by her supervisors, was required to perform duties not suitable for her position, was compelled to work on her off days, had suffered unjust reprimands and a suspension, had been denied a merit pay increase, had received reduced performance ratings, and had been insulted in the presence of other employees. Jackson, 521 So.2d at 437. The Jackson court found the state law in question did not include civil service employees among those entitled to utilize its provisions and, therefore, affirmed the judgment sustaining the declinatory exception to the court's jurisdiction over the subject matter.
The facts of the instant case are similar to those in Jackson, in that they pertain to charges of sexual discrimination with regard to conditions of employment; however, Ms. Smith, unlike the plaintiff in Jackson, had not been subjected to any formal disciplinary action by her appointing authority. More significantly, the facts of this case also differ from those in Jackson in that Ms. Smith's claims are based on federal law and not state law. Thus, we must determine if Ms. Smith may seek relief under 42 U.S.C. §§ 1981 et seq., 2000e et seq., or 12101 et seq., and, if so, whether such claims would be outside the scope of the Commission's exclusive jurisdiction. In deciding this issue, we are mindful that the constitutional provision that grants judicial authority to the Commission is narrowly construed since it is an exception to the general rule that district courts have jurisdiction over all civil matters. *533 See Landrum v. Board of Commissioners of Orleans Levee District, 95-1591 (La.App. 4th Cir.11/27/96), 685 So.2d 382, 387; Greenleaf v. DHH, Metropolitan Developmental Center, 594 So.2d 418, 425 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992).
In her suit for damages, Ms. Smith alleged the defendants failed to provide her with training in the sewerage and water area, failed to promote her, assigned her additional duties, and harassed her in a discriminatory manner in violation of 42 U.S.C. §§ 1981 et seq., 2000e et seq., and 12101 et seq. Although the factual allegations of discrimination in one's defense to a disciplinary action in a civil service case are similar to the allegations of discrimination in a suit for damages under 42 U.S.C. §§ 1981 et seq., 2000e et seq., and 12101 et seq., there is a substantial distinction between the sources of law and remedies that the employee is entitled to utilize. See Eberhardt v. LeVasseur, 630 So.2d 844, 846 (La.App. 4th Cir.1993), writ denied, 94-0408 (La.4/4/94), 635 So.2d 1107. Moreover, absent congressional intent to vest exclusive jurisdiction of federal claims in federal courts, state courts have concurrent jurisdiction to enforce rights under federal statutes. Ricard v. State, 390 So.2d 882, 883 (La.1980). In particular, state courts have concurrent jurisdiction with federal courts to adjudicate claims arising under 42 U.S.C. § 1983, and such actions may be initiated in state district court. Ricard, 390 So.2d at 883-884. Since jurisdiction over suits brought under §§ 1981 et seq., 2000e et seq., and 12101 et seq. has not been restricted to federal courts, we conclude state district courts also have the power and authority to decide claims arising under these provisions. See Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 110 S.Ct. 1566, 1567, 108 L.Ed.2d 834 (1990); Eberhardt, 630 So.2d at 846; Dean v. Nunez, 503 So.2d 212, 213 (La.App. 4th Cir.), writ denied, 506 So.2d 1229 (La.1987).
Furthermore, the exhaustion of either state judicial or administrative remedies is not a prerequisite to the invocation of federal relief under 42 U.S.C. §§ 1981 et seq., 2000e et seq., and 12101 et seq. since the causes of action established by those statutes are fully supplementary to any remedy, adequate or inadequate, that might exist under state law. See Chisley v. Richland Parish School Board, 448 F.2d 1251, 1252 (5th Cir.1971); Reimer v. Medical Center of Louisiana at New Orleans, 95-2799 (La.App. 4th Cir.1/29/97), 688 So.2d 165, 169 n. 4; Eberhardt, 630 So.2d at 847. See also Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 581, 102 L.Ed.2d 594 (1989).[2]
Therefore, although this litigation arises out of an employment related dispute, it cannot be dismissed on an exception of lack of subject matter jurisdiction. See Eberhardt, 630 So.2d at 846. Accordingly, Ms. Smith properly sought relief in state district court, and the defendants' exception raising the objection of lack of subject matter jurisdiction was improperly sustained as to Ms. Smith's possible claims under 42 U.S.C. §§ 1981 et seq., 2000e et seq., and 12101 et seq. See Kyle v. Civil Service Commission, 486 So.2d 972, 974 (La.App. 1st Cir.1986).

Decree
For the foregoing reasons, the judgment of the district court is reversed, and the matter remanded to the district court for further proceedings. Costs of this appeal in the amount of $673.68 are assessed against the State of Louisiana, Department of Health and Hospitals.
REVERSED AND REMANDED.
NOTES
[1] Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object demanded, the amount in dispute, or value of the right asserted. LSA-C.C.P. art. 2.
[2] Cf. Hillard v. Housing Authority of New Orleans, 436 So.2d 685 (La.App. 4th Cir.1983) and Foreman v. Falgout, 503 So.2d 517 (La.App. 1st Cir.1986) (requiring that a civil service employee first exhaust his remedies under the provisions of the Louisiana Constitution by successfully appealing a dismissal to the Commission before bringing an action for damages under state law in state district court).