743 So.2d 821 (1999)
Laurel McCARTNEY
v.
ORLEANS PARISH SCHOOL BOARD.
NO. 99-CA-0515.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1999.
*823 Diane R. Lundeen, Rosen & Lundeen, LLP, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
James M. Taylor Taylor, Wellons & Politz New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge MOON LANDRIEU, Judge MICHAEL E. KIRBY, Judge ROBERT A. KATZ.
KIRBY, Judge.
Defendant, Orleans Parish School Board, appeals a judgment from the Office of Workers' Compensation in favor of claimant, Laurel McCartney.
Claimant, an elementary school teacher employed by defendant, alleges that on February 7, 1997, she was acting within the course and scope of her employment in accompanying students on a field trip to the Louisiana Children's Museum. During the bus ride to the Children's Museum, the bus struck numerous potholes in the street. Claimant alleges that she felt a sharp pain in her spine when the bus hit the first pothole and this pain increased each time another pothole was struck. According to claimant, the pain experienced by her when the bus struck the potholes resulted in the exacerbation of her preexisting back condition.
Following trial, the worker's compensation judge rendered judgment ordering the defendant to pay claimant's medical expenses in the amount of $1,460.03, penalties of $2,000.00, attorney's fees of $6,000.00 and all costs of the proceedings. Defendant appeals.
The standard of appellate review in a worker's compensation case is the clearly wrong or manifest error standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733; Price v. City of New Orleans, 95-1851 (La.App. 4 Cir. 3/27/96), 672 So.2d 1045, writ denied, 96-1016 (La.10/25/96), 681 So.2d 360.
Defendant's first argument is that the claimant failed to meet her burden of proving that an accident, as that term is legally defined, occurred on February 7, 1997. In La. R.S. 23:1021(1) of the Louisiana Worker's Compensation Act, an accident is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."
In Millon v. Clarion Hotel, 98-0002 (La.App. 4 Cir. 9/16/98), 719 So.2d 568, writ denied, 98-2973 (La.1/29/99), 736 So.2d 836, this Court stated the burden of proof for a claim of a work-related accident as follows:
The claimant in a worker's compensation case has the burden of proving a work-related accident by a preponderance of the evidence. Woods v. Ryan Chevrolet, Inc., 30,206 (La.App. 2 Cir. 2/25/98), 709 So.2d 251, writ denied, 98-1169 (La.6/5/98), 720 So.2d 689, citing Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). Proof by a preponderance of the evidence is sufficient when the evidence, taken as a *824 whole, shows that the fact sought to be proved is more probable than not. Id. at p. 4, 709 So.2d at 254.
In Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992), our Supreme Court elaborated on a worker's compensation claimant's burden of establishing a work-related accident as follows:
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence. (citations omitted), Id. at 361.
A plaintiffs case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. Sisk v. Martin Specialty Coatings, 28,592 (La.App. 2 Cir. 8/21/96), 679 So.2d 569, writ denied, 96-2328 (La.11/22/96), 683 So.2d 281, citing Prim v. City of Shreveport, 297 So.2d 421 (La. 1974).
Id. at 3-4, 719 So.2d at 570.
In the instant case, on February 13, 1997, claimant reported her injury to her employer according to the "Employer's Report of Occupational Injury or Disease." Claimant's description of what she was doing when she was injured is contained in that report as follows:
The Third Grade was going on Field Trip to Children's Museum. I have had previous back injury. When bus started hitting bumps in the street, I had shooting pains up my spine with each bump going to and from museum. I was trying to brace myself with one hand on seat to raise me up and other hand on seat in front to help.
At the trial, claimant's testimony regarding the incident in question was consistent with her description of the incident in the above-quoted accident report. She added that the first big pothole "bumped me off the seat." She said she had immediate shooting pains up her spine that she described as sharp, pinching pains. Claimant testified that the streets on which the bus traveled for the field trip were full of potholes and that she had a shooting pain every time the bus struck a pothole. She said the bus bounced up and down each time it struck a pothole. She said the only reason she did not report the accident to her employer that day was because it was the Friday before the Mardi Gras holiday. She said that by the time she got back to the school and prepared the children for dismissal from class, the school office was closed for the holiday. Claimant filed the report on the day school resumed after the holiday.
On cross-examination, claimant admitted that in her deposition, she did not mention a specific pothole such as the big pothole she described in her trial testimony. She stated at trial that she attributed the exacerbation of her back problem to hitting a series of potholes on the trip and not to a single pothole.
Dr. William Chapel, a chiropractor, testified that he began treating[1] claimant for back problems in January 1986 and continued to treat her as of the date of trial. He testified that claimant visited him on February 17, 1997 complaining of severe low back pain and pain radiating into her hips and buttocks area on both sides. He said that claimant related to him an event that may have precipitated this pain. Claimant told him that a previous back injury was aggravated when the bus on which she was riding on a school field trip hit "a bump or *825 a rut," and this event caused her to suffer shooting pains up her spine. She told Dr. Chapel that she was "bounced around" in the back of the bus.
Dr. Chapel examined claimant and felt that she suffered an exacerbation of a lumbar sprain injury. His opinion was that, more likely than not, being jostled on the bus was the cause of the exacerbation of her back symptoms. In addition to this testimony, the record contains a report from Dr. Chapel dated May 6, 1997. In that report, Dr. Chapel stated that the incident described by claimant, i.e. the constant bumps and jarring of the school bus, did aggravate a pre-existing lumbar condition.
In this case, there was no evidence presented that discredits or casts serious doubt on claimant's version of the incident causing her injury. Furthermore, the testimony and report of Dr. Chapel corroborate claimant's testimony that a work-related accident occurred. Claimant completed an accident report less than one week following the incident and complained to Dr. Chapel about her pain only ten days after this incident. Given this corroboration of claimant's testimony, we find that claimant established a work-related accident by a preponderance of the evidence.
Defendant argued, alternatively, that claimant did not establish her entitlement to medical benefits beyond March 5, 1997. The worker's compensation judge ordered defendant to pay for claimant's medical treatment for the period of February 10, 1997 through March 27, 1997. Defendant argues that Dr. Chapel testified that claimant was asymptomatic as of March 5, 1997.
An employer has a duty to furnish an injured employee with all necessary medical treatment caused by a work-related injury. LSA-R.S. 23:1203(A); Patterson v. Long, 96-0191 (La.App. 1 Cir. 11/8/96), 682 So.2d 1327, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. The injured employee claiming medical expenses under R.S. 23:1203 must prove by a preponderance of the evidence that his claim is related to his work-related injury. Montana v. City of New Orleans, 95-1701 (La.App. 4 Cir. 6/5/96), 682 So.2d 239, writ denied, 96-2981 (La.1/31/97), 687 So.2d 412; Schulz v. Board of Commissioners of the Port of New Orleans, 614 So.2d 135 (La.App. 4 Cir.1993).
In reasons for judgment stated orally at the end of trial, the worker's compensation judge stated that the claimant proved that medical treatment received from February 10, 1997 through March 27, 1997 was reasonable and necessary and related to the February 7, 1997 work-related accident. The judge noted that Dr. Chapel testified that claimant was 99% better as of March 27, 1997 and had become asymptomatic a couple of weeks earlier.
We initially note that the trial transcript indicates that Dr. Chapel testified that claimant had achieved 99% improvement by March 17, 1997, not March 27, 1997 as stated by the worker's compensation judge. However, Dr. Chapel's notes, which were introduced into evidence, show that claimant did not visit him on March 17, 1997 and he noted that she was 99% better at her March 27, 1997 visit. Therefore, whether the date in the transcript is a typographical error or a misstatement by Dr. Chapel, there is support in the record for the trial judge's statement that claimant was 99% better as of March 27, 1997.
With regard to defendant's argument that Dr. Chapel stated that claimant was asymptomatic as of March 5, 1997, a close reading of his testimony shows that he actually stated that claimant was "pretty much asymptomatic" on that date. He stated that with back injuries such as the one suffered by claimant, symptoms could be less magnified on some days even though the underlying medical problem still exists. Dr. Chapel's opinion was that the back pain suffered by claimant from the date of the incident until her release *826 from treatment on May 2, 1997 was related to the trauma suffered on the bus ride.
Therefore, we find that claimant proved her entitlement to medical expenses through March 27, 1997 by a preponderance of the evidence. The worker's compensation judge did not err in awarding expenses through that date.
Defendant's next argument is that the worker's compensation judge erred in awarding claimant penalties and attorney's fees for defendant's refusal to pay claimant's medical expenses. Defendant claims that it reasonably controverted claimant's entitlement to medical expenses. It further argues that the worker's compensation judge used the wrong standard in determining claimant's entitlement to penalties and attorney's fees.
Specifically, the defendant says the trial judge incorrectly used the arbitrary and capricious standard in finding it liable for penalties and attorney's fees, contrary to the Louisiana Supreme Court ruling in Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. In Brown, the Supreme Court stated that the arbitrary and capricious standard no longer applies to actions brought under La. R.S. 23:1201. The Court held that statutory penalties and attorney's fees shall be awarded if the employer or insurer fails to timely pay benefits due claimant pursuant to La. R.S. 23:1201 unless: (1) the claim is reasonably controverted or (2) such nonpayment results from conditions over which the employer or insurer had no control. Id. The Court noted that the arbitrary and capricious standard still applies in claims made under La. R.S. 23:1201.2 where payments have been discontinued.
A review of the worker's compensation judge's oral reasons for judgment shows that she used the correct standard in awarding penalties, but she used the incorrect "arbitrary and capricious" standard in awarding attorney's fees. However, an appeal is taken from the judgment itself, not the reasons for judgment. Welborne v. Welborne, 29,479 (La.App. 2 Cir. 5/7/97), 694 So.2d 578, writ denied, 97-1800 (La.10/13/97), 703 So.2d 621 and 97-1850 (La.10/13/97), 703 So.2d 623. The decision of a trial judge to award penalties and attorney's fees is a factual determination and should not be disturbed on appeal unless clearly wrong. Lemoine v. Schwegmann Giant Supermarkets, Inc., 607 So.2d 708 (La.App. 4 Cir.1992), writ denied, 609 So.2d 258 (La.1992).
In order to reasonably controvert a claimant's right to benefits, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Brown v. Texas-LA Cartage, Inc., supra. In support of its argument that it reasonably controverted claimant's entitlement to medical benefits, defendant first argues that the incident in question does not rise to the level of a compensable accident. However, the defendant did not establish that its dispute regarding the occurrence of a work-related accident was nonfrivolous. We do not find that the argument regarding the distinction between the bus hitting one large pothole followed by other small potholes or just several small potholes was enough to raise the question of a work-related accident to the level of a nonfrivolous legal dispute.
The defendant also points to the fact that claimant was treated for back pain two days before the alleged accident. That fact does not controvert claimant's claim that the accident caused the exacerbation of her pre-existing back problem. The defendant did not establish that it possessed any information justifying the denial of claimant's claim for benefits or that it was engaged in a nonfrivolous legal dispute.
Because defendant did not reasonably controvert claimant's entitlement to medical *827 benefits and the nonpayment of benefits did not result from conditions over which the employer had no control, the worker's compensation judge's decision to award penalties and attorney's fees to claimant was not clearly wrong. This assignment has no merit.
Finally, defendant argues that the amount of attorney's fees awarded was excessive. Defendant states in its brief that claimant's attorney filed one motion, and that this case involved only one deposition and trial lasted approximately one-half day.
When attorney's fees are awarded in a worker's compensation case, they are deemed to be a penalty, and the value of the attorney's fees need not be proven. Levitz Furniture Corporation v. Horne, 477 So.2d 824 (La.App. 5 Cir.1985), writ denied, 481 So.2d 633 (La.1986), citing Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983). A trial judge is allowed to call upon his own experience and expertise in determining the amount of time and effort that a lawyer has put into the preparation of a case. Louque v. Eckerd Drug Store No. 523, 405 So.2d 1097 (La.App. 4 Cir.1980). The factors to be considered in the imposition of an award for attorney's fees in worker's compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered and the amount of time devoted to the case. Ward v. Phoenix Operating Co., 31,656 (La.App. 2 Cir. 2/24/99), 729 So.2d 109.
After reviewing the record and considering the time and effort involved in the preparation of this case, we find that the award of $6,000.00 for attorney's fees was an abuse of the worker's compensation judge's discretion. We find that $2,500 is a reasonable award of attorney's fees under the circumstances of this case.[2] Therefore, that part of the judgment will be amended to reflect a reduction in the award of attorney's fees from $6,000.00 to $2,500.00.
For the reasons stated above, the portion of the judgment of the Office of Worker's Compensation awarding claimant attorney's fees is amended to reduce the award from $6,000.00 to $2,500.00. In all other respects, the judgment is affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Dr. Chapel stated that his associate treated claimant from February 10, 1997 through February 17, 1997 when he was on vacation.
[2] On appeal, claimant's attorney asks for an award of additional attorney's fees for defending this appeal. However, because claimant did not answer the appeal, we are precluded from considering this request. HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1693 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, writ denied, 97-1353 (La.9/5/97), 700 So.2d 513.