762 So.2d 191 (2000)
Sharon Johnson MOSES, Plaintiff-Appellee,
v.
GRAMBLING STATE UNIVERSITY, Defendant-Appellant.
No. 33,185-WCA.
Court of Appeal of Louisiana, Second Circuit.
May 15, 2000.
Writ Denied September 22, 2000.
*193 Louisiana Department of Justice by Victoria Reed Murry, Assistant Attorney General, Counsel for Appellant.
James E. Franklin, Jr., Shreveport, Counsel for Appellee.
Before CARAWAY, PEATROSS & SAMS (Pro Tempore), JJ.
PEATROSS, J.
The State of Louisiana and Grambling State University (hereinafter collectively referred to as "Defendant"), appeals a ruling by the Workers' Compensation Judge ("WCJ") increasing the indemnity benefits paid to Plaintiff, Sharon J. Moses, by including health insurance premiums, retirement benefits and holiday pay, paid by Defendant on her behalf, in the calculation of her average weekly wage; granting credit for sick or annual leave used for reasons associated with a work-related injury; and awarding penalties of $2,000 and attorney fees of $7,000.[1] Plaintiff has answered the appeal, asking for an increase in attorney fees for the handling of this appeal and for the inclusion of sick and annual leave accrued by her in the calculation of indemnity benefits. For the reasons stated herein, we reverse in part, amend in part, and, as amended, affirm those portions of the judgment not reversed.

FACTS AND PROCEDURAL HISTORY
Plaintiff was working in a sedentary capacity for Defendant in 1996 when she slipped and fell on a recently cleaned floor that had not yet dried. Plaintiff injured her shoulder and her back, but missed only five days of work which were taken as sick leave. Plaintiff continued to seek medical treatment, but missed very little work related to her injuries. It was not until February 1998 that Plaintiff missed a full seven days of work within a two-week period as a result of the 1996 accident, activating workers' compensation indemnity benefits. Her medical bills associated with the work-related accident were paid by Defendant.
In January 1998, due to her continued pain, Plaintiff's treating physician requested an MRI and myelogram which revealed two bulging disks. Plaintiff was referred to Dr. Douglas Brown, an orthopaedist, who reduced her work days to half days for approximately three weeks. On February 11, 1998, Dr. Brown prescribed work hardening for Plaintiff which would necessitate her being off of work for a few weeks. Plaintiff filed an LDOL-WC-1008 form when she was advised by Defendant that her claim was prescribed and that indemnity benefits for her time off would not be forthcoming.
*194 Once legal action was taken, Plaintiff's file was sent to Defendant's Office of Risk Management where it was determined that there was no issue of prescription. Plaintiff was eventually paid indemnity benefits in May 1998, retroactive to April 17, 1998. At the time of trial, all medical benefits had been paid, including the cost of two surgical procedures, a left L4-5 automated lumbar nuclectomy and a decompressive lumbar laminectomy and diskectomy; and the amount of indemnity benefits and the reimbursement of expended sick and annual leave were the only remaining matters still in dispute. Plaintiff did receive indemnity benefits from Defendant up to and beyond the date of trial, although Defendant did not authorize payment of indemnity benefits for the period of February 11, 1998, to April 16, 1998, until the day before trial of this matter.
At trial on the merits, the parties stipulated to the following facts:
1) Plaintiff was employed by Defendant at an annual salary of $18,307.92, calculating to an average weekly wage of $352.08.
2) Plaintiff was injured on the job in November 1996.
3) As of the date of trial, Plaintiff was receiving indemnity as well as medical benefits.
4) Plaintiff's compensation rate was $234.73 per week, based on her average weekly wage of $352.08. In addition to her salary, a health insurance premium in the amount of $44.76 per week was paid on her behalf by Defendant.
5) Defendant paid retirement benefits in the amount of $43.66 per week on behalf of Plaintiff.
6) Plaintiff was given paid holidays, which calculated to a value of $18.95 per week.
7) Plaintiff accrued annual and sick leave each at a rate of 14 hours per month.
Plaintiff asserts on appeal that the calculation of indemnity benefits should have included the amount of her insurance premiums and retirement benefits paid by Defendant on her behalf. Plaintiff also asserts that the amount of her holiday pay and annual and sick leave earned should have been included in the calculation. She further demands reimbursement of the annual and sick leave she expended in relation to this injury and additional attorney fees for the cost of defending and answering this appeal.

DISCUSSION
Defendant's Assignment of Error No. 1: The WCJ was manifestly erroneous in finding that Defendant was arbitrary and capricious in failing to pay workers' compensation benefits to Plaintiff from February 8, 1998, to April 16, 1998.
Defendant asserts that it was acting within reason when it did not begin to pay Plaintiff indemnity benefits until May 1998, despite her request for indemnity benefits in February 1998. Defendant points out that it was reasonable for it to question Plaintiff's entitlement to indemnity benefits since she had not missed seven days work within a two-week period, invoking her entitlement to benefits, for over one year after the injury.
The WCJ's factual findings are subject to the manifest error rule. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Mitchell v. AT & T, 27,290 (La.App.2d Cir.8/28/95), 660 So.2d 204, writ denied, 95-2474 (La.12/15/95), 664 So.2d 456. Under the manifest error rule, the reviewing court does not decide whether the factual findings are right or wrong, but whether they are reasonable. Stobart v. State, Through Dept. of Transp. & Dev., 617 So.2d 880 (La.1993).
Although Defendant is entitled to take a reasonable amount of time to determine Plaintiffs entitlement to indemnity benefits, we do not believe, however, that four months is a reasonable period of time. See La. R.S. 23:1201(f). More importantly, and something Defendant fails to address, is that Defendant did not authorize payment of the indemnity benefits for the period of February 8 through May 16, *195 1998, until the day before trial of this matter, April 21, 1999. We find that such action was arbitrary and capricious. The WCJ did not err in penalizing Defendant for its behavior in this regard.
Defendant's Assignment of Error No. 2: The WCJ committed manifest error in ruling that payment for holidays should be included in the calculation of Plaintiff's average weekly wage.
The WCJ calculated that Plaintiff received an equivalent of $18.95 per week in the fringe benefit of paid holidays. This figure was based on Plaintiff's salary and the number of paid holidays authorized by Defendant. It is Defendant's position that, if Plaintiff is entitled to an addition of fringe benefits to the calculation of her average weekly wage, paid holidays should not be considered since that amount is already figured in Plaintiff's salary. We agree.
As stated above, the amount of $18.95 per week was calculated using Plaintiff's base salary. As Defendant points out, Plaintiff is paid that salary regardless of whether or not she works on those paid holidays. The inclusion of $18.95 per week in the calculation of Plaintiff's average weekly wage, therefore, would equate to adding that amount into the calculation twice. Clearly, Plaintiff is not entitled to receive this amount twice. We, therefore, reverse that portion of the WCJ's judgment which includes holiday pay in the calculation of Plaintiff's average weekly wage.
Defendant's Assignment of Error No. 3: The WCJ was manifestly erroneous in finding that Defendant's contribution to Plaintiff's monthly health insurance premium and retirement should be included in the calculations of Plaintiff's average weekly wage.
Defendant's Assignment of Error No. 4: The WCJ was manifestly erroneous in finding that Plaintiff's average weekly wage was improperly calculated by Defendant.
Defendant asserts that the enactment of La. R.S. 23:1021(10)(f) by Act No. 751 of the 1999 Regular Louisiana Legislative Session prohibits the inclusion of employer-paid retirement benefits and insurance premiums in the calculation of Plaintiff's average weekly wage.
La. R.S. 23:1021(10)(f) states:
In the determination of "wages" and the average weekly wage at the time of the accident, no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes; however, any amount withheld by the employer to fund any non-taxable or tax deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee's wage and average weekly wage.
According to Defendant, this definition of "wage" absolutely excludes employer-paid benefits because they are not taxable. Before discussing the merit of this argument, we must first discuss the applicability of this section to the case sub judice. Since Plaintiff's injury occurred in 1996 and § (10)(f) of La. R.S. 23:1021 was not enacted until 1999, the parties disagree about the retroactivity of the section to the case sub judice.
In the absence of a contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. C.C. art. 6. In the case sub judice, there is no legislative expression to assist us. We must, therefore, look to the type and effect of the law itself.
A "substantive law" either establishes new rules, rights and duties or changes existing ones, while "interpretive laws" merely establish the meaning the statute had from the time of its enactment. Sudwischer v. Estate of Hoffpauir, 97-0785 *196 (La.12/12/97), 705 So.2d 724, cert denied 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998); Keith v. U.S. Fidelity & Guaranty Co., 96-2075 (La.5/9/97), 694 So.2d 180; Hunter v. Town of Sibley, 32,075 (La.App.2d Cir.10/29/99), 745 So.2d 820, writ denied, 99-3351 (La.2/18/00), 754 So.2d 965. A procedural law is one that prescribes a method for enforcing a substantive right and relates to the form of the proceeding or the operation of the laws. Id.; Coe v. State of Louisiana, Health Care Authority, 32,635 (La.App.2d Cir.2/1/00), 751 So.2d 432.
Defendant asserts that § (10)(f) of La. R.S. 23:1021 is interpretive in nature since it merely clarifies the definition of "wage." To the contrary, we find it to be substantive in nature. Pre-amendment jurisprudence allowed for the inclusion of employer-paid health insurance benefits and employer-contributed retirement benefits.[2] See Transportation Insurance Co. v. Pool, 30,250 (La.App.2d Cir.5/13/98), 714 So.2d 153, writ denied, 98-1566 (La.9/25/98), 725 So.2d 486, writ denied, 98-1616 (La.9/25/98), 725 So.2d 488; G.N.B., Inc. v. Jones, 29,779 (La.App.2d Cir.8/20/97), 699 So.2d 466. To apply § (10)(f) retroactively would deprive Plaintiff, and any other claimant entitled to receive workers' compensation indemnity benefits, of the inclusion of employer-paid insurance premiums. We find this change in the statute to be substantive in nature since it would deprive those claimants of a portion of an indemnity benefit they previously had a right to receive.
Having determined that La. R.S. 23:1021(10)(f) is not applicable retroactively and, therefore, not applicable to the case sub judice, we further find that the WCJ did not err in including employer-paid retirement benefits and insurance premiums in the calculation of Plaintiff's average weekly wage. That portion of the judgment awarding such a sum is, therefore, affirmed.
Defendant's Assignment of Error No. 5: The WCJ committed manifest error in ordering Defendant to credit Plaintiff for all annual leave and sick leave used by her in connection with the work-related incident of November 1996.
Defendant asserts that the WCJ's judgment ordering that it credit Plaintiff with all annual or sick leave used in association with the November 1996 accident is improper as it circumvents the Civil Service Rules and violates La. Const. art. 10, § 10. Defendant urges that the Constitution and Rules govern Plaintiff's entitlement to reimbursement as a state employee and give the Civil Service Commission jurisdiction over such matters.
We agree. The State Civil Service Commission has exclusive jurisdiction over classified civil service employer-employee disputes that are employment related. La. Const. art. 10, §§ 10, 12; Eberhardt v. Levasseur, 630 So.2d 844 (La.App. 4th Cir.1993), writ denied, 94-0408 (La.4/4/94), 635 So.2d 1107. In addition, State Civil Service Rule 11.21 governs an employee's use of annual and sick leave when he/she is entitled to workers' compensation benefits.
Eberhardt, supra, cites Strickland v. State, Through Office of the Governor, 525 So.2d 740 (La.App. 1st Cir.1988), which succinctly discusses the source of the Commission's jurisdiction:
We are fully aware that La. Const. art. 10, Sec. 12, expressly grants "the exclusive power and authority to hear and decide all removal and disciplinary cases" to the Commission, whereas Art. 10, Sec. 10 does not expressly provide for exclusive authority. However, in granting "general rule-making" authority to the Commission "including the *197 power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; ... and generally to accomplish the objectives and purposes of the merit system of civil service as herein established," and in providing that the "[r]ules adopted ... shall have the effect of law," article 10 of the constitution evidences an intention to grant exclusive jurisdiction to the Commission in those areas where the Commission has exercised its "broad and general rule-making" power. Unless that jurisdiction is exclusive, the orderly fashion of resolving employer-employee related disputes will be disrupted if the employee can forum shop between the Commission and the courts. Inasmuch as the Commission has adopted a Uniform Classification and Pay Plan and plaintiffs allege that this Plan has been violated by action of the Commissioner of Administration, we conclude that the Commission has the exclusive jurisdiction to hear this complaint in the first instance.
The Commission clearly has exclusive jurisdiction over the matters described above and the State Civil Service Rules provide for the use of annual and sick leave in conjunction with receipt of workers' compensation benefits. This issue, therefore, was not appropriate for discussion by the WCJ and the judgment awarding Plaintiff credit for annual and sick leave is reversed.
Defendant's Assignment of Error No. 6: The WCJ was manifestly in error when [she] awarded counsel for the Plaintiff the sum of $7,000 in attorney fees.
Plaintiff's Prayer in Answer to Appeal: Plaintiff's counsel is entitled to additional attorney fees for the handling of this appeal.
Great discretion is afforded the [WCJ] in determining the amount of attorney fees to be awarded where an employer arbitrarily and capriciously refused to pay a valid workers' compensation claim. La. R.S. 23:1201.2; Reynolds v. Wal Mart Stores, Inc., 445 So.2d 490 (La. App. 2d Cir.1984). When attorney fees are awarded in a workers' compensation case, they are deemed to be a penalty, and the value of the attorney fees need not be proven. Orgeron v. Tri State Road Boring, Inc., 434 So.2d 65 (La.1983); McCartney v. Orleans Parish School Board, 99-0515 (La.App. 4 Cir. 9/29/99), 743 So.2d 821. The factors to be considered in the imposition of an award of attorney fees in workers' compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered and the amount of time devoted to the case. Ward v. Phoenix Operating Co., 31,656 (La.App.2d Cir.2/24/99), 729 So.2d 109; McCartney, supra.
Plaintiff's counsel provided a very detailed affidavit as evidence of the hours he spent handling Plaintiff's claim. Given the WCJ's discretion and the supporting affidavit, we do not find that the WCJ erred in awarding Plaintiff's counsel $7,000 in attorney fees pursuant to La. R.S. 23:1201(f). We further award Plaintiff's counsel an additional $1,500 in attorney fees for the handling of this appeal.
Plaintiff's Assignment of Error No. 1: The WCJ committed error by failing to include annual leave and sick leave benefits in calculating the average weekly wage.
Any money paid the employee which can be regarded as remuneration or reward for his services should be included in fixing his compensation, irrespective of whether or not the payment was in the form of wages....
Malone & Johnson, 14 La. Civil Law Treatise, Workmen's Compensation, § 324; Transportation Insurance Co., supra; GNB, Inc., supra. Unlike holiday pay, an *198 employee earns annual and sick leave in addition to her salary. This is in the form of a remuneration or reward for that employee's services. Frequently, when the employee leaves her employer, the value of any unused annual or sick leave is calculated and that sum is paid to the employee. In the case sub judice, Plaintiff was earning 14 hours each of annual and sick leave per month. We find that the WCJ erred when she did not include the value of annual and sick leave in the calculation of Plaintiff's average weekly wage. Thus, the sum of $59.13, the value of 14 hours of annual leave and 14 hours of sick leave per month, should have been added to Plaintiff's average weekly wage.

Summary
In summary, we find that Plaintiff's average weekly wage should consist of her annual salary as determined per week, or $352.08; weekly health insurance premiums paid by Defendant, or $44.76; weekly retirement benefits paid by Defendant, or $43.66; and annual and sick leave earned at a weekly value of $59.13. Thus, Plaintiff's compensation rate is:

-Average weekly wage $352.08
-Health insurance 44.76
-Retirement benefits 43.66
-Annual and Sick leave 59.13
 _______
Total 499.62
 ×
 _______
 .6667
 _____
Compensation Rate $333.10
 _______

DECREE
For the foregoing reasons, that portion of the judgment including holiday pay as part of Plaintiff's average weekly wage is reversed; that portion of the judgment ordering Defendant to credit Plaintiff for annual and sick leave used in relation to the on-the-job injury is reversed; that portion of the judgment prohibiting the use of Plaintiff's annual and sick leave in the calculation of her average weekly wage is reversed; that portion of the judgment allowing the inclusion of the health insurance premiums and retirement benefits paid on behalf of Plaintiff by Defendant is affirmed; that portion of the judgment awarding Plaintiff $2,000 in penalties is affirmed; and that portion of the judgment awarding Plaintiff's counsel $7,000 in attorney fees is amended to add $1,500 for the handling of this appeal and, as amended, is affirmed. All costs are assessed to Defendant.
REVERSED IN PART, AFFIRMED IN PART, AMENDED IN PART, AND, AS AMENDED, AFFIRMED.
NOTES
[1] Defendant does not appeal the amount of the penalty, only its imposition. Defendant specifically appeals the WCJ's finding that it was arbitrary and capricious warranting the imposition of penalties and attorney fees; and also appeals the actual amount of the attorney fees.
[2] We agree with Defendant's argument that the application of § (10)(f) would exclude any employer-paid insurance premiums from the calculation of the average weekly wage since they are not subject to income tax, deferred or otherwise. Employer-paid retirement benefits, however, would still be included in the calculation since they are susceptible to deferred taxation.